[No. 4561. Decided August 1, 1903.]

L. C. SMITH et al., Respondents, v. E. B. WHITE et al., Appellants.

SUMMONS—SERVICE BY PUBLICATION—SUFFICIENCY.

Under Laws 1901, p. 384, § 1, subd. 2, authorizing service by publication in proceedings to foreclose tax liens, wherein the owner of the property shall be directed to appear. within sixty days after the date of the first publication (exclusive of the first day) and defend the action, publication requiring defendant to appear "within sixty days after the service of this notice and summons" was not a compliance with the statute, and hence failed to give the court jurisdiction.

Appeal from Superior Court, King County. — Hon. BOYD J. TALLMAN, Judge. Reversed.

*S. S. Langland,* for appellants:

It is the universal rule that a summons in an ordinary civil action, or notice or citation which takes the place of the summons, must conform to the requirements of the statute as to form and contents. Such requirements are mandatory and failure to so comply is fatal. *Black v. Clendenin,* 3 Mont. 48; *Kellar v. Stanley,* 5 S. W. 477; *Craighead v. Martin,* 25 Minn. 43; *Lyman v. Milton,* 44 Cal. 630; *Durham v. Betterton,* 79 Tex. 223 (14 S. W. 1060); *Ames v. Sankey,.* 21 N. E. 579; *Sidwell v. Schumacher,* 99 Ill. 426; *Eagan v. Connelly,* 107 Ill. 458; *Calkins v. Miller,* 75 N. W. 1108; *Kendall v. Washburn,* 14 How. Pr. 380; *Hays v. Lewis,* 21 Wis. 663; *Moore v. Williams,* 44 Miss. 61; *Odell v. Campbell,* 9 Ore. 298; *Jones & M. L. Co. v. Boggs,* 19 N. W. 678; *Fernekes v. Case,* 75 Iowa, 152.

*Walter S. Fulton* and *William C. Keith,* for respondents:

As to the sufficiency of the notice and summons, it seems impossible that the defendants could have been misled or prejudiced. Unless there was a substantial variance of the notice and summons as published, within the requirements of the statutes, it seems that there could be no merit in the claim that the appellants were prejudiced by the failure to incorporate in the body of the summons the date of the first publication. *Shinn v. Cummins,* 65 Cal. 98; *Ralph v. Lomer,* 3 Wash. 401; *Granger v. Sheriff,* 65 Pac. 873; *Block v. Kearney,* 64 Pac. 267; *Donald v. Bradt,* 62 Pac. 580; *Tootle v. Ellis,* 65 Pac. 675; *Nix v. Gilmer,* 50 Pac. 131; *Miller v. Zeigler,* 5 Pac. 518.

The opinion of the court was delivered by

HADLEY, J.—Respondents, as the holders of certain tax certificates, brought foreclosure suit thereon, making appellants, as owners of the land, defendants, and obtained judgment June 28, 1901. On April 25, 1902, appellants appeared specially and moved the court to vacate said judgment and purge the record thereof, on the ground that the court had no jurisdiction to enter the judgment, for the reason that no summons or notice was ever served on either of the appellants. Service of summons was attempted by publication, but the notice, as published, contained the following as to the time for appearance:

"You, and each of you, are hereby directed and summoned to appear within sixty days after the service of this notice and summons upon you, exclusive of the day of service, in the above entitled court, and defend the action or pay the amount due, together with costs."

It will be observed that the time named for appearance is sixty days after the service of the summons, instead of sixty days after the date of the first publication, exclusive of said day, as provided by statute. Laws 1901, ch. 178, § 1, subd. 2, p. 384. In *Thompson v. Robbins, ante,* p. 149 (72 Pac. 1043) a tax publication summons containing the same direction as to the time for appearance as that above set out was considered. In that case judgment by default had been entered, and the defendants in the action thereafter moved the court to open the default judgment and permit them to defend the action. The motion was made upon the same ground as that urged in the case at bar, and on the further ground that the defendants had a valid defense to the action. The plaintiffs in the action demurred to the motion on the ground that it did not state facts sufficient to entitle the defendants to the relief for which they prayed. The demurrer was overruled. The motion to open the de-

fault judgment was sustained, and the defendants permitted to answer. From that ruling the plaintiffs in the action appealed. The appeal was dismissed here for the reason that the order sought to be reviewed was not an appealable one, within the rule frequently held by this court —that an order vacating the judgment and permitting defendants in the action to answer and defend is not a final one, and that such order may be reviewed on appeal from the final judgment that may be afterwards entered in the action. It might be insisted, in view of the dismissal of that appeal, that the appealability of the order was the only question actually decided in the case. It, however, appeared that the court below had regarded its default judgment as merely irregular, for having been entered before the expiration of the time within which the defendants had the right to appear and answer. The first publication of the summons was on February 23, and the last March 30. The judgment was entered April 8 of the same year. Under any view of the summons the judgment was at least irregular, for having been entered forty-three days after the first publication of the summons. For the future guidance of the trial court it was, however, thought proper to declare our view upon the summons, inasmuch as that view made the judgment void, and not merely irregular. The summons had been issued a few days before the above cited law of 1901 took effect, and this court, inadvertently overlooking that fact, argued upon the theory that it had been issued after that law was in force. But it was nevertheless true that the summons did not state any date for the first publication, and that the time for appearing was therefore so indefinite that it did not amount to a summons. The conclusion that the summons was not such as to give the court jurisdiction to enter even an irregular judgment was, therefore, in any event, correct,

27-32 WASH.

even though it might in other respects have conformed to the law in force at the time it was issued. The reasoning in that case was intended to be directed to a summons in all respects like the one now before us. This summons was issued after the 1901 law took effect. It provided for an appearance sixty days after "service of this notice and summons." The statute did not authorize such a notice. In *Thompson v. Robbins, supra,* in connection with the stated reasons, we said of such a summons:

"This summons was not in accordance with the statute and its publication did not confer upon the court jurisdiction to render the judgment which was entered in the foreclosure proceeding. And the judgment was therefore not merely irregular but void."

We here refer to the reasoning of that case on the subject of the summons, and now adopt it as decisive of the case at bar. It follows that the judgment entered below was void, and that appellants' motion to vacate the judgment and purge the record thereof should have been granted.

The judgment is reversed and the cause remanded, with instructions to the lower court to grant said motion.

FULLERTON, C. J., and ANDERS, MOUNT and DUNBAR, JJ., concur.