[No. 4690.   Decided August 10, 1903.]

WILLIAM WOODHAM, *Appellant,* v. J. ANDERSON *et al.,*
*Respondents.*

TAX FORECLOSURE — SUMMONS — TIME FOR APPEARANCE.

Under Laws 1897, p. 182, § 96, subd. 3, requiring defendants in
tax foreclosure cases to appear within sixty days after service of
summons, exclusive of the day of service, and under Bal. Code,
§ 4878 (which, by Laws 1897, p. 182, § 97, is made applicable in
tax cases), providing for the publication of summons in a news-
paper once a week for six consecutive weeks, and that the service
should not be complete until the expiration of the time prescribed
for publication, a defendant in a tax foreclosure suit under the
revenue law of 1897 would have sixty days for appearance after
the completion of the publication of summons (Mount, J., and
Fullerton, C. J., dissent).

SAME — AMENDMENT OF STATUTE — EFFECT ON PENDING CASES.

Where, pending the completion of service by publication, the
law governing it is changed by amendment so as to alter the pro-
cedure, and no provision is enacted in the new law making it ap-
ply to pending cases or expressly repealing the old law, the ques-
tion of the sufficiency of the summons to confer jurisdiction would
be determined by the law in force at the time of its issuance.

GENERAL APPEARANCE AFTER JUDGMENT — EFFECT.

Where a judgment was void by reason of defective process, it
would not be validated by the fact that the defendants subse-
quently made a general appearance in the action for the purpose
of moving its vacation.

TRIAL — DELAY IN FILING PLEADINGS — DISCRETION OF COURT.

The sufficiency of defendant's excuse for delay in filing answer
to a complaint after the setting aside of the original judgment
therein is a matter resting largely in the discretion of the trial
court for determination.

Appeal from Superior Court, Lewis County.—Hon.
ALONZO E. RICE, Judge.   Affirmed.

*Forney & Ponder,* for appellant:

Upon the substitution of a new remedy for a prior one,
all proceedings are governed by the new remedy.   Suitors

are governed by the new act, even as to causes of action which accrued prior to its enactment and also as to pending actions. *Judkins v. Taffe*, 27 Pac. 221; *Bensley v. Ellis*, 39 Cal. 309; *Lee v. Buckheit*, 49 Wis. 54; *Rosenthal v. Wehe*, 58 Wis. 621.

Respondents chose to make a general appearance for many purposes, and asked affirmative relief, so that, even if the court had no prior jurisdiction over the respondents, they conferred it upon the court by their general appearance. *Mayer v. Mayer*, 39 Pac. 1002; *Coad v. Coad*, 41 Wis. 23; *Shafer v. Hockheimer*, 36 Ohio St. 215; *Dreyfus v. Moline, etc., Co.*, 61 N. W. 599; *Burdette v. Corgan*, 26 Kan. 104; *Roberts v. White*, 73 N. Y. 375; *District Township v. District Township*, 54 Iowa, 115 (6 N. W. 163); *Knox v. Somers*, 3 Cranch, 498 (2 L. ed. 510); *Kaw Valley Life Ass'n. v. Lemke*, 19 Pac. 337; *Grantier v. Rosecrance*, 27 Wis. 488; *Leake v. Gallogly*, 34 Neb. 857.

*Brady & Gay*, for respondents:

The act of 1901 in reference to publication of summons in tax cases contains no repealing clause as to the act of 1897 on the same subject, and hence would have no application to actions pending at the time it went into effect. *Twenty Per Cent. Cases*, 20 Wall. 187 (22 L. ed. 339); *Newsom v. Greenwood*, 4 Ore. 120.

The opinion of the court was delivered by

HADLEY, J.—The plaintiff in this action as the holder of a delinquency tax certificate, brought this suit to foreclose the same. Publication summons was issued, and was first published February 8, 1901. The summons commanded the defendants to appear within sixty days

from the date of the first publication. Judgment was entered on the 10th day of April, 1901. On December 16, 1901, the defendants filed a motion and petition for the vacation of the judgment, alleging among other things that they had never been legally notified to appear in the cause. At the hearing of the motion the court found that the summons was not in accordance with law, and, having declared the judgment to be void, entered an order vacating it. The defendants were given twenty days within which to plead to the complaint. The twenty days expired March 30, 1902, and on April 3 following the plaintiff moved for a default for the failure to plead. At the hearing of the latter motion the defendants submitted an affidavit in excuse, and the court, deeming the same to be sufficient, denied the motion. The defendants thereupon answered the complaint, alleging that they did not desire to contest the validity of the tax, and tendered in court the full amount thereof, together with penalties, interest, and costs of suit then accrued. They also alleged that the attempted sale of the land under the judgment formerly entered was a cloud upon the title, and asked that the same be declared null and void. The cause was tried by the court, and a decree was entered to the effect that the plaintiff should take nothing by his suit, other than the amount tendered in court by the defendants, and that all of the previous sale proceedings were null and void. The plaintiff has appealed from that judgment.

It is assigned that the court erred in making the order which vacated the original judgment. It will be observed from the statement hereinbefore made that the first publication of the summons was made April 8, 1901. Under the law as it then existed, the summons in a tax case required the defendants to appear within sixty days after

service of the summons, exclusive of the day of service. Laws of 1897, p. 182, § 96, subd. 3. There was no specific provision in the revenue law for serving a defendant by publication summons. Section 97 of the above act, however, provided that "summons shall be served in the same manner as summons in a civil action is served in the superior court." The above provision undoubtedly authorized a service by publication in the same manner as in other civil actions. The general statute upon that subject is found in § 4878, Bal. Code. The statute provides for publication of the summons in a newspaper once a week for six consecutive weeks, and that the service shall not be deemed complete until the expiration of the time prescribed for publication. Therefore a defendant cannot be said to be *served* with publication summons until the full time of the six weeks' publication has expired; and, inasmuch as the revenue law of 1897, *supra,* provided that a defendant in a tax foreclosure proceeding should not be required to appear until sixty days after the *service* of the summons, it follows, that under that law, when he was served by publication he was not required to appear until sixty days after the period prescribed for publication had ended, for at the expiration of that period only was he actually served. The summons in the case at bar was issued and published when the above rule was in force as to tax cases, but it required an appearance within sixty days from the date of the first publication. There was no authority in law for such a summons in a tax foreclosure case at that time. We recently held, in *Thompson v. Robbins,* decided July 2, 1903, *ante,* p. 149 (72 Pac. 1043) and in *Smith v. White,* decided August 1, 1903, *ante,* p. 414 (73 Pac. 480) that a tax foreclosure summons which does not conform to existing law in the impor-

tant feature of fixing the time within which a defendant shall appear is so fatally defective that it confers no jurisdiction to enter a judgment, and that a judgment entered thereon is void. The same must be held as to the first judgment entered in this case, unless for further reasons urged by appellant it should be held otherwise. The further reasons urged we shall hereinafter consider.

Pending the publication of the summons in this case, and after it had actually been published six consecutive times in as many weeks, an act of the legislature took effect changing the above rule as to service of a publication summons in a tax foreclosure. When the act took effect there remained but two days until the full six weeks' period following the first publication expired, and when the service was complete. The new act will be found in the Session Laws of 1901, chap. 178, page 383. The act is an amendment to certain portions of the revenue law, and specifically provides for publication summons in tax foreclosure cases. Section 1, subd. 2, provides that in the case of service by publication the defendant shall be required to appear within sixty days from the date of the first publication of the summons, exclusive of the day of said first publication. It will thus be seen that the summons published in this case actually conformed to the requirements of the new law, and appellant insists that the new law controlled, and that he was entitled to his judgment at any time after the expiration of sixty days from the first publication of the summons. The act contains no clause expressly repealing the former provisions, but was simply amendatory, and went into effect immediately by virtue of an emergency clause. Was it, therefore, retroactive in its operation, so as to affect the service of process theretofore initiated? It will be observed that the

change effected by the new statute is one of procedure only. In *Rogers v. Trumbull*, decided by this court July 10, *ante*, p. 211 (73 Pac. 381) we held that "where a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate the proceedings." In that opinion we quoted and adopted the rule as stated in Sutherland on Statutory Construction, § 482, as follows:

"Where a new statute deals with procedure only, *prima facie* it applies to all actions—those which have accrued or are pending, and future actions. If before final decision a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate the proceedings. But the steps already taken, the status of the case as to the court in which it was commenced, the pleadings put in, and all things done under the late law, will stand, unless an intention to the contrary is plainly manifested; and pending cases are only affected by general words as to the future proceedings from the point reached when the new law intervened."

There is no manifest intention expressed in this statute to make the new procedure affect the status of pending cases. Under the above rule, therefore, "all things done under the late law will stand." It follows that the summons in this case, issued and published as it was under the late law, must be governed by that law. If under the former law the summons did not confer jurisdiction to enter the judgment, the later law did not vitalize it so as to give it jurisdictional force. The judgment was therefore void, and the court did not err in vacating it.

Appellant urges that respondents waived the defect in the summons by making a general appearance when they moved to vacate the judgment. It is true, their motion and petition did not state, in words, that it was intended as a special appearance, as provided by § 4886, Bal. Code. Their appearance, therefore, brought them within the jur-

isdiction of the court for all future proceedings in the cause, and did not limit the jurisdiction to the one matter presented by the petition, as would have been the case if their appearance had been special. But what had theretofore been done was done without jurisdiction. The judgment previously entered was void. Their general appearance at that time did not validate the void judgment, but simply brought them into court, without the necessity of new process, to be dealt with thereafter as the law of the case required.

It is further insisted that the court erred in denying appellant's motion for default for want of answer after the original judgment was set aside. As hereinbefore stated, an affidavit was presented which was intended to excuse the delay. The matter was largely a discretionary one with the court, and, from the record, we shall not undertake to say that the discretion was abused. When the answer was filed, accompanied with the tender, the case stood ready for disposition in accordance with the revenue law. The process authorized by statute requires a defendant to appear "and defend the action or pay the amount due." By the tender of the full amount, with accrued costs, respondents complied with the law, and were entitled to judgment.

The judgment is affirmed.

ANDERS and DUNBAR, JJ., concur.

MOUNT, J. (dissenting). I dissent from that part of the foregoing opinion which declares that, as to tax cases, the defendant was not required to appear until sixty days after the period prescribed for publication had ended. As I understand the opinion, it does not purport to hold that in cases other than tax cases the defendant has sixty days

after the period for publication is ended in which to appear in the cause, but that by reason of subd. 3 of § 96 of the act of 1897, which required "a direction to the owner summoning him to appear within sixty days after service of summons exclusive of the day of service," it is held, under this special statute (referring to a special proceeding), that the defendant is not served until the full time of six weeks publication has expired. If § 97 of the act of 1897 authorized service of summons in tax foreclosure cases by publication, it also authorized such service to be made in a tax case, as in any other case under the general publication statute. That statute, which is § 4878, Bal. Code, provides that, "the summons shall contain the date of the first publication and shall require the defendant or defendants, upon whom service by publication is desired, to appear and answer the complaint within sixty days from the date of the first publication of summons." It seems clear to me that this statute required the defendant to appear within sixty days from the date of the first publication of the summons, and that the first publication is the date from which the time begins to run, and is intended to be *"the day of service."* The phrase "and the service of the summons shall be deemed complete at the expiration of the time prescribed for publication" (which is six weeks) is construed by the majority to mean that *the day of service* begins on the date of the first publication, and extends for a period of six weeks. The statute is, no doubt, susceptible of such construction; but when the whole section is read together, it seems more reasonable to hold that the legislature intended that, when service is made by publication, the day of the first publication is *"the day of service,"* and the provision that the service shall be deemed complete at the expiration of six

weeks does not mean that the day of service is a day
six weeks long. The legislature of 1901 (Laws 1901,
p. 384), realizing that such a construction might be placed
upon the act of 1897, amended § 96 so that it is now clear
that the sixty days begin to run from the date of the first
publication. I think it should be so held in this case.

FULLERTON, C. J., concurs in dissenting opinion.