[No. 5464.   Decided February 23, 1905.]

EDWARD DOLAN, *Appellant,* v. F. E. JONES *et al.,*
*Respondents.*[1]

QUIETING TITLE—ACTION TO CANCEL VOID TAX DEED—PLAINTIFF NOT IN POSSESSION. It is error to dismiss an action brought by one out of possession to cancel a void tax deed and judgment, and asking that his title be quieted, since the rule that an action to quiet title cannot be maintained by one out of possession, applies only where the plaintiff has a complete remedy at law, and this is not an action to quiet title within such rule.

JUDGMENT—VACATION—VOID PROCESS—RECITALS AS TO DUE SERVICE. The recital in a tax foreclosure judgment of due service of process is sufficiently overcome where it clearly appears from a void summons by publication, the sheriff's return, the proof of publication, the fact of the death of the principal defendant prior to service, and the testimony of the plaintiff in the tax suit, that the only service of process was by the publication of a summons which was insufficient to confer jurisdiction.

[1]Reported in 79 Pac. 640.

SAME—PROCESS—TAXATION—FORECLOSURE OF TAX LIEN—FORM
OF SUMMONS. Under Laws 1897, p. 182, § 96, subd. 3, a summons
by publication requiring the defendant to appear within sixty days
after the "service" of the summons is not in accordance with the
statute, and is insufficient to confer jurisdiction to enter a judgment of default.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered May 31, 1904, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, dismissing an action to cancel a tax deed. Reversed.

*A. M. Abel* and *T. H. McKay,* for appellant, contended, among other things, that this is not an action to quiet title. 3 Pomeroy, Equity Jur., § 1189; *Damon v. Leque,* 14 Wash. 253, 44 Pac. 261; *Dormitzer v. German Sav. etc. Soc.,* 23 Wash. 190, 62 Pac. 862; *Gilbreath v. Dilday,* 152 Ill. 207, 38 N. E. 572; *Cockerill v. Stafford,* 102 Mo. 57, 14 S. W. 813; 17 Ency. Plead. & Prac., pp. 950-955. The recital in the tax judgment as to due service was overcome by admissions in the answer that no other summons was served, by the evidence of the entire judgment roll showing but one service, by the fact that there was not sufficient time for another service, by the deposition of the defendant therein that he was not served, and by the testimony of the plaintiff therein that he made and paid for only one service. *Thompson v. Robbins,* 32 Wash. 149, 72 Pac. 1043. This distinguishes this case from *Rogers v. Miller,* 13 Wash. 82, 42 Pac. 525, 52 Am. St. 20, and *Christofferson v. Pfennig,* 16 Wash. 441, 48 Pac. 264.

*John C. Hogan,* for respondents, contended, *inter alia,* that the action cannot be maintained by one out of possession. *Smith v. Wingard,* 3 Wash. Ter. 291, 13 Pac. 717; *Corporation of the Catholic Bishop v. Gibbon,* 1 Wash. 592, 21 Pac. 315; *Spithill v. Jones,* 3 Wash. 290, 28 Pac. 531;

*Reichenbach v. Washington etc. R. Co.,* 10 Wash. 357, 38 Pac. 1126; *Krutz v. Isaacs,* 25 Wash. 566, 66 Pac. 141; *Povah v. Lee,* 29 Wash. 108, 69 Pac. 639. The recital of due service is not overthrown by showing that the only service disclosed by the record was illegal. *Ballard v. Way,* 34 Wash. 116, 74 Pac. 1067, 101 Am. St. 993; *Belles v. Miller,* 10 Wash. 259, 38 Pac. 1050; *State ex rel. State Ins. Co. v. Superior Court,* 14 Wash. 203, 44 Pac. 131; *Kiser v. Canfield,* 17 Wash. 417, 49 Pac. 1064; *State ex rel. Boyle v. Superior Court,* 19 Wash. 128, 52 Pac. 1013, 67 Am. St. 724; *Kalb v. German Sav. etc. Soc.,* 25 Wash. 349, 65 Pac. 559, 87 Am. St. 757; *Peyton v. Peyton,* 28 Wash. 278, 68 Pac. 757; *Noerdlinger v. Huff,* 31 Wash. 360, 72 Pac. 73.

RUDKIN, J.—On the 14th day of December, 1900, the defendant, F. E. Jones, commenced an action in the superior court of Chehalis county, in this state, to foreclose a delinquency certificate on the lots and lands in controversy in this action. There was no appearance by any person in the foreclosure proceeding, and the only process served was the publication of a summons, citing the defendants "to appear within sixty days after the service of this summons upon you, exclusive of the day of service, and defend this action or pay the amount due," etc. The summons was signed by the plaintiff's attorney, and beneath his signature was, "Date of first publication, Dec. 14, 1900." On the 21st day of March, 1901, a decree of foreclosure was entered by default, directing the sale of the property described in the delinquency certificate. On the 6th day of April, 1901, the property was sold pursuant to said decree and order of sale, and bid in by the plaintiff in said action, who is one of the defendants in this action. On the 11th day of February, 1904, the plaintiff in this

action, who is the successor in interest to the original owner
of the property in controversy, brought this action in the
court below, setting forth his title to the property, the pro-
ceeding to foreclose the delinquency certificate as above
stated, the fact that there was no appearance therein and no
service of process, except the publication of the summons
above specified, and asked that the tax proceeding and tax
deed be decreed null and void, that he be permitted to re-
deem from the tax sale, and that his title be quieted.   The
plaintiff also tendered all taxes and assessments which had
been paid by the defendant Jones.   Judgment of dismissal
was entered in the court below, from which this appeal is
taken.

The first question raised by the respondents is that this
is an action to quiet title, and inasmuch as the appellant
is not in possession and the lots are not vacant or unoccu-
pied, the court had no jurisdiction, and the action could not
be maintained.   We do not think that this is an action
to quiet title, as claimed by the respondents.   The reason
why a person cannot maintain an action to quiet title to
lands in the possession of another is that the party out of
possession has a full and complete remedy in an action at
law to recover possession.   The appellant here had no such
remedy.   In an action at law to recover possession he
would be concluded by the tax judgment and sale, which he
could not attack collaterally.   The only remedy open to the
appellant was either to move directly in the tax foreclosure
case to vacate the tax judgment, or to bring an independent
suit in equity for that purpose.   He chose the latter course,
and we hold that he is properly before the court.

The second objection urged by the respondents is that
there is nothing in the record to overcome the finding of the
court, in the tax foreclosure case, "that summons and notice
has been duly served in this proceeding, as required by the

statute of this state and such statute complied with in all respects pertaining thereto." From the affidavit for publication of summons, the return of the sheriff, the proof of publication, the fact that the principal defendant, to whom the summons was directed, died some years before the service, and from the testimony of the respondent Jones himself, it clearly and satisfactorily appears that no service was made, except by the publication of the summons hereinbefore described, and the validity of the tax judgment must depend on the sufficiency of such service.

In *Thompson v. Robbins,* 32 Wash. 149, 72 Pac. 1043, the form of the summons was, "You are hereby summoned to appear within sixty days after the service of this summons upon you, exclusive of the day of service, and defend this action or pay the amount due," etc. In that case, as in this, the summons was subscribed by the plaintiff's attorney, and underneath his signature was "First publication Feb. 23, 1901." From the foregoing statement, it will be seen that the two summonses are identical in every respect, and each was issued and published under the same law. Laws 1897, p. 182, § 96, subd. 3. In the case just cited this court says:

"The summons which was published in the foreclosure proceeding required the defendant to 'appear within sixty days after the service of this summons upon you, exclusive of the day of service, and defend this action or pay the amount due, together with costs,' etc. This summons was not in accordance with the statute, and its publication did not confer upon the court jurisdiction to render the judgment which was entered in the foreclosure proceeding. And the judgment was therefore not merely irregular, but void."

This decision was reaffirmed in *Smith v. White,* 32 Wash. 414, 73 Pac. 480, and *Woodham v. Anderson,* 32 Wash. 500, 73 Pac. 536. Counsel for respondents cite the case of *Williams v. Pittock,* 35 Wash. 271, 77 Pac. 385, to sus-

tain the form of summons published in this case. The decision in that case was based upon the act of 1901, Laws 1901, p. 383, § 1, subd. 2. The latter act required the defendant to appear within sixty days after the date of the first publication of the summons, exclusive of the day of said first publication; and the summons in the case cited followed the statute, except the date of first publication was stated at the foot of the summons, instead of in the body thereof. This court held that a statement of the date of the first publication, beneath the signature of the plaintiff's attorney, formed a part of the summons, and fixed a definite and certain time in which the defendant should appear. There is no analogy between the two cases The statement of the date of first publication at the foot of the summons, in the case at bar, furnished no information whatever, as the time for appearance was to be computed from the date of service, and not from the date of first publication.

For the foregoing reasons the tax judgment and sale were null and void, and the appellant is entitled to the relief prayed for in his complaint. The judgment is therefore reversed, with directions to enter a judgment cancelling the tax judgment and tax deed, upon payment of all taxes and assessments heretofore paid by the respondents, with interest to date of tender in the court below.

MOUNT, C. J., FULLERTON, HADLEY, and DUNBAR, JJ., concur.

ROOT and CROW, JJ., took no part.