[No. 5427.  Decided May 1, 1905.]

## J. H. YOUNG, *Appellant,* v. LOUIS DROZ *et al., Respondents.*[1]

TAXATION—PROCESS—SUMMONS—SUFFICIENCY. A tax foreclosure judgment is void where it was entered upon the service of a summons by publication which required the defendants to appear within sixty days after the service of the summons, instead of sixty days after the first publication.

TAXATION—VOID JUDGMENT—ESTOPPEL OF OWNER BY BIDDING AT SALE. The owner of property sold under a void tax foreclosure judgment, is not estopped from asserting the invalidity of the judgment by appearing at the public sale and bidding on the property.

TAXATION—ACTION TO SET ASIDE TAX TITLE—TENDER OF TAX— AMOUNT TO BE TENDERED. In an action to quiet title to lots sold for taxes, bid in by the county and resold to the defendants, plaintiffs need only tender the amount of taxes, penalties, and interest due at the time the property was first sold to the county, and not the amount due when sold to the defendants, where no other taxes have been assessed and no one appears to be in possession of the property.

Appeal from a judgment of the superior court for Stevens county, Richardson, J., entered June 20, 1904, in favor of the defendants, dismissing on the merits an action to quiet title, after a trial before the court without a jury. Reversed.

*S. & J. W. Douglas,* for appellant.

*C. A. Mantz* and *L. C. Jesseph,* for respondents.

[1]Reported in 80 Pac. 810.

ROOT, J.—On the 3d of October, 1901, the county of Stevens brought an action to foreclose a certificate of delinquency, held by it for delinquent taxes. The title of the case was "Stevens County v. H. Kahlen and 103 others." The summons was in the following language, to wit:

"You are hereby summoned to appear within sixty days after the service of this summons upon you, exclusive of the day of service, and defend this action or pay the amount due against your property, together with the costs; and in case of your failure to do so judgment will be rendered foreclosing the lien for said certificate of delinquent taxes, penalty, interest and costs against the lands and premises hereinafter mentioned."

At the bottom of the summons, the date of first publication was plainly stated. Under this proceeding, certain real estate lots belonging to appellant were sold to the county, and thereafter by the county to respondents. Appellant brings this action to quiet title to said lots, and to decree the sale thereof, under the aforesaid foreclosure proceedings, null and void.

Under former decisions of this court, said foreclosure proceedings, and the sale of said real estate thereunder were null and void. Instead of reading "sixty days after the service of summons upon you," it should have read "sixty days from the date of first publication of this summons," or in equivalent language shown that answer must be made within sixty days from the date of first publication of the summons. See, *Dolan v. Jones,* 37 Wash. 176, 79 Pac. 640; *Thompson v. Robbins,* 32 Wash. 149, 72 Pac. 1043; *Smith v. White,* 32 Wash. 414, 73 Pac. 480; *Woodham v. Anderson,* 32 Wash. 500, 73 Pac. 536.

It is contended by respondents, however, that appellant is estopped to raise any question as to the legality of this

foreclosure proceeding, for the reason that, at the public
sale of these premises by the county, he appeared personal-
ly and bid upon the same. Respondents urge that this con-
duct on the part of the appellant constituted an estoppel
as against him. This contention cannot be maintained.
If the sale, and the proceedings pursuant to which it took
place, had been merely irregular or voidable, there might
be force in respondents' contention. But as the sale was
absolutely void, an estoppel cannot be successfully pleaded
against appellant by reason of the conduct mentioned.
*Sturgiss v. Dart,* 23 Wash. 244, 62 Pac. 858.

Some question is raised as to the amount that should
have been tendered by appellant before commencing his
action. He tendered the amount of taxes, penalties, and
interest due at the time the property was sold to the coun-
ty. The tender being refused, he paid the money into
court. Respondents claim that appellant should have ten-
dered the amount paid by them to the county when they
bought. We think it is incumbent upon a plaintiff, in
bringing this kind of an action, to first tender the amount
due when the property was first sold to the county, to-
gether with any taxes that have been assessed and become
due since said sale, with penalties and interest. It does
not appear that any taxes had become due upon this
property since the sale to the county. It appears that no
one was in possession of said lots. Having tendered the
amount appearing to be justly due, appellant was entitled
to prosecute his action. *McManus v. Morgan, ante* p. 528,
80 Pac. 786.

The judgment of the honorable superior court is re-
versed, and the case remanded, with instructions to enter a
decree in favor of appellant, holding the sale to have been
null and void, and quieting appellant's title as against all

claims of these respondents, by, through, and under said sale.

MOUNT, C. J., CROW, RUDKIN, and DUNBAR, JJ., concur.

FULLERTON and HADLEY, JJ., took no part.