[No. 5496.  Decided February 23, 1906.]

Felix Owen, *Respondent,* v. Ora Clyde Owen, *Appellant.*[1]

Taxation—Foreclosure—Appeal—Bond—Time for Filing. An appeal from an order refusing to vacate a tax foreclosure is governed by the general appeal law and not by the special provisions of the revenue act, Laws 1903, p. 75, § 4, providing the conditions and time for filing an appeal bond upon an appeal from a tax foreclosure judgment; hence the bond need not be served and filed at the time of giving notice of the appeal.

Taxation — Foreclosure — Summons for Publication — Sufficiency. A summons for publication in a tax foreclosure, requiring the defendant "to appear within sixty days (after the service of this summons exclusive of the first publication of summons), which will be on the 6th day of June, 1901," is not a substantial compliance with Laws 1901, p. 383, requiring the summons to contain a direction to the owner to appear within 60 days after the date of the first publication of the summons exclusive of the said first publication; and the time within which the defendant is required to appear being necessary, the defect is fatal to the validity of the judgment.

Appeal from an order of the superior court for Lewis county, Irwin, J., entered June 24, 1905, denying a motion to vacate a judgment.  Reversed.

*Forney & Ponder,* for appellant.

*J. E. Willis,* for respondent.

Root, J.—A tax certificate was foreclosed against real estate belonging to appellant.  After the judgment and sale, he filed a petition and motion in the foreclosure proceeding asking to have the judgment and decree vacated.  The court made an order denying this petition and motion.  From said order this appeal was sought to be taken.  No bond was served with the notice of appeal.  A bond was filed two days after the notice of appeal was served.  Respondent moves to dismiss the appeal upon the ground that the appeal bond was not served and filed at the same time with the notice of appeal

1Reported in 84 Pac. 606.

as provided by Sec. 4 of the Act of March 9, 1903, amending Sec. 104 of the Act of March 15, 1897. Laws 1897, p. 186; Laws 1903, pp. 74, 75.

Appellant contends that the provisions of said section of the revenue law do not apply to an appeal from an order refusing to vacate a judgment of foreclosure, but that they refer only to an appeal from the judgment of foreclosure itself. We think the contention should be upheld. The bond provided for in the revenue law is applicable only in a case where an appeal is taken directly from a judgment foreclosing the tax lien or certificate which judgment is sought to be superseded during the appeal. In other cases a bond with such conditions would be useless. There could be no liability upon it except such as would exist against the bond provided by the general statute governing appeals. It cannot be supposed that the legislature intended to require a useless and idle ceremony. We think the entire proceeding regarding the bond is governed by the general statute of appeals, and that this case falls within the principles announced in *Meagher v. Hand,* 28 Wash. 332, 68 Pac. 892, and *Nolan v. Arnot,* 36 Wash. 101, 78 Pac. 463. The motion to dismiss the appeal is denied.

The summons in this case was served by publication. It required the defendant "to appear within sixty days (after the service of this summons exclusive of the first publication of summons), which will be on the 6th day of June, 1901, and defend the above entitled action." Judgment was entered August 14, 1901, foreclosing the tax certificate. On May 25, 1904, appellant filed his petition to vacate the judgment. To this petition the court sustained a demurrer. Appellant electing to stand upon his demurrer, the action was dismissed and from this judgment an appeal is taken. Appellant insists that the summons published was insufficient. The statute of 1901 (Laws 1901, pp. 383-387) required the summons to contain "a direction to the owner summoning him to appear within sixty days after the date of the first publication of

the summons, exclusive of the day of said first publication, and defend the action or pay the amount due."

We do not think there was a substantial compliance with this statute. The summons as published leaves it indefinite and uncertain as to the time within which appellant was required to answer. This is fatal to its validity under former decisions of this court. *Thompson v. Robbins,* 32 Wash. 149, 72 Pac. 1043; *Smith v. White,* 32 Wash. 414, 73 Pac. 480; *Woodham v. Anderson,* 32 Wash. 500, 73 Pac. 536; *Young v. Droz,* 38 Wash. 648, 80 Pac. 810; *Dolan v. Jones,* 37 Wash. 176, 79 Pac. 640; *Sturgiss v. Dart,* 23 Wash. 244, 62 Pac. 858.

The judgment of the honorable superior court is reversed, and the case remanded with instructions to overrule the demurrer and permit appellant to defend the action or make payment.

MOUNT, C. J., FULLERTON, DUNBAR, CROW, and HADLEY, JJ., concur.