[No. 6996.   Decided April 22, 1908.]

J. D. BAUER, *Respondent*, v. P. F. WIDHOLM, *Appellant*.[1]

TAXATION — FORECLOSURE—SUMMONS—SERVICE BY PUBLICATION — SUFFICIENCY. A summons by publication in a tax foreclosure is so indefinite that the judgment is void, where it fails to state the day upon which the service would be complete, as required by Bal. Code, § 1751, although the date of the first publication was stated.

JUDGMENT—COLLATERAL ATTACK — GROUNDS — WANT OF SERVICE. Where it is admitted that none but a void service of a summons by publication was made in a tax foreclosure, the judgment is void and may be attacked in an action to set it aside, although it recited that due service was made.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 29, 1907, in favor of the plaintiff, upon overruling a demurrer to the complaint, in an action to vacate a tax foreclosure.   Affirmed.

*Totten & Rozema*, for appellant.

*Thomas & Rutherford* and *J. D. Bauer*, for respondent.

CROW, J.—Action by J. D. Bauer against P. F. Widholm, to vacate and set aside a tax foreclosure, sale, and deed.   The trial court overruled a demurrer to the complaint.   The defendant elected to stand upon his demurrer, and judgment was entered in favor of the plaintiff.   The defendant has appealed.

The only question before us is whether the trial court erred in overruling appellant's demurrer.   The respondent in substance alleged that he had obtained title to a lot in the city of Seattle from one S. F. Shorey ; that on November 23, 1900, a certificate of delinquency for the taxes of 1895 and 1896 was issued thereon to one Kenneth McCallum, who paid taxes for subsequent years, and on January 4, 1901, commenced an action against Richard Roe, and all persons unknown

[1]Reported in 95 Pac. 277.

claiming any title in and to the lot, to foreclose his lien; that service was made by the publication of a summons containing the following citation:

"You and each of you are hereby directed and summoned to appear within sixty days after the service of this notice and summons upon you, exclusive of the date of service, in the above entitled court, and defend the action or pay the amount due, together with the costs," etc.;

that no other service was made; that none of the defendants appeared; that the court had obtained no jurisdiction of the defendants or of the subject-matter of the action; that a default judgment of foreclosure was entered; that a sale had been made; that a tax deed had been issued to McCallum, who afterwards conveyed the lot to the appellant, Widholm; that a tender of the delinquent taxes, interest, penalty, and costs had been made to Widholm prior to the commencement of this action, and that the judgment and tax deed were void.

We will only consider the respondent's contention that the summons was void and not sufficient to confer jurisdiction. It was issued under §§ 96 and 97 of the act of 1897; Bal. Code, § 1751 (P. C. § 8692). It omitted any statement of, or reference to, the particular day upon which its service would be complete, and was therefore so indefinite and uncertain in fixing the time of appearance as to render it defective and avoid the judgment. *Thompson v. Robbins,* 32 Wash. 149, 72 Pac. 1043; *Smith v. White,* 32 Wash. 414, 73 Pac. 480; *Woodham v. Anderson,* 32 Wash. 500, 73 Pac. 536; *Dolan v. Jones,* 37 Wash. 176, 79 Pac. 640; *Owen v. Owen,* 41 Wash. 642, 84 Pac. 606. The date of first publication was stated beneath the signature of the respondent's attorney, but this was not sufficient. *Dolan v. Jones, supra.*

The appellant contends that, as shown by the above cases, an irreconcilable conflict exists in former holdings of this court as to when service would be complete under the act of 1897, whether it would happen upon the first or the last date of publication. This suggests an immaterial point, as the

summons neither referred to the first nor the last publication as the date upon which its service would be complete, and was in any event fatally indefinite, uncertain, and defective by reason of such omission.

The judgment in the tax foreclosure recited that notice and summons had been duly and regularly served on each and all of the defendants, and the appellant now contends that it cannot be collaterally attacked in this proceeding. The complaint alleged that no service whatever had been made other than the one above mentioned, and that allegation was admitted by the demurrer. The foreclosure judgment was therefore entered without jurisdiction and, being void, was subject to the attack made upon it in this action. *Sturgiss v. Dart,* 23 Wash. 244, 62 Pac. 858.

The trial court committed no error in overruling appellant's demurrer to the complaint.

The judgment is affirmed.

HADLEY, C. J., MOUNT, ROOT, and FULLERTON, JJ., concur.