[No. 14401. Department One. April 22, 1918.]

HENRY MOLLER *et al., Appellants,* v. M. A. GRAHAM *et al., Respondents.*[1]

TAXATION — FORECLOSURE OF LIEN — SUMMONS — DESCRIPTION OF PROPERTY—SUFFICIENCY. Under Rem. Code, § 9257, requiring summons by publication in a general county tax foreclosure to describe the property the same as described on the tax rolls, a tax foreclosure and tax sale and deed thereunder is void, where the property was described in the summons as lots in "Bowman's plat," and on the tax rolls as lots in "Bowman's Central Ship Harbor Water Front Plat."

SAME—FORECLOSURE—JUDGMENT — CONCLUSIVENESS. Rem. Code, § 9267, providing that judgment for deed to real estate sold for taxes shall estop all parties from raising any objection thereto that could have been presented as a defense, has no application to a judgment which was void for want of proper summons giving jurisdiction.

Appeal from a judgment of the superior court for Skagit county, Brawley, J., entered July 30, 1917, upon

[1]Reported in 172 Pac. 226.

sustaining demurrers to the complaint, dismissing an action to set aside deeds and to quiet title, tried to the court. Reversed.

*Joiner & English,* for appellants.

*Norvell & Norvell,* for respondent Graham.

*Ben Driftmier,* for respondent Skagit County Mortgage & Investment Company.

WEBSTER, J.—This action was brought by appellants to set aside a certain tax deed executed by the county treasurer of Skagit county, Washington, to respondent Graham, and a certain deed thereafter executed by Graham to respondent Skagit County Mortgage and Investment Company for, and to quiet the title of appellants in and to, the W½ of lot 6, and the E. 27 feet of lot 7, block 30, Bowman's Central Ship Harbor Water Front Plat of the city of Anacortes, Washington.

Appellants allege ownership of the premises by virtue of conveyance from Sarah Louise Dobbins and Richard Dobbins, her husband, who were the owners of the lands at the time of the assessment and subsequent tax foreclosure proceedings hereinafter referred to; appellant Henry Moller, having been the holder of a mortgage thereon during the pendency of such foreclosure proceedings and prior to his obtaining the deed from the Dobbins.

It was further alleged in the complaint that, in the year 1916, Skagit county brought an action in the superior court for the purpose of foreclosing a tax lien levied for the year 1910 upon the premises, and in such action a summons was served by publication in one general notice with other real estate; that, in the published summons, the property in question was not described as it was described upon the tax rolls of Skagit

county, but the published notice contained the description as "the W½, Lot 6, Block 30, Bowman's Plat, Anacortes; E. 27 ft. Lot 7, Block 30, Bowman's Plat, Anacortes;" whereas the property was described on the tax rolls for the year 1910 as "the W½ of Lot 6, Block 30, Bowman's Central Ship Harbor Water Front Plat of the city of Anacortes, Washington, and the E. 27 feet of Lot 7, Block 30, Bowman's Central Ship Harbor Water Front Plat of the city of Anacortes, Washington," the description upon the tax rolls being the correct description of the property; that no further or other summons was issued, served or published in the tax foreclosure proceeding, and thereafter a decree of foreclosure, based thereon, was made and entered therein; that, subsequent to the entry of such decree, the county treasurer of Skagit county sold the premises to respondent Graham for the amount of the taxes for the year 1910 and subsequent years, including interest and penalties, amounting in all to the sum of $204.92, and that, on October 28, 1916, pursuant to such foreclosure decree and sale, and in consideration of the sum mentioned, the county treasurer executed and delivered to respondent Graham a deed for the premises; that Graham thereafter attempted to convey the same by deed to respondent Skagit County Mortgage and Investment Company, which corporation now claims to be the owner thereof.

The complaint attacks the tax foreclosure proceedings upon three grounds: first, that the summons was void because the property was not described in the summons as it was described on the tax rolls; second, that the treasurer of Skagit county failed and neglected to notify the record owner of the real estate of the pendency of the foreclosure sale; third, that the real estate was not assessed in the name of the true owner for the year 1910.

It was further alleged that neither the plaintiffs nor their grantors had any notice or knowledge of the pendency of the tax foreclosure proceedings, and that, prior to the commencement of this action, the plaintiffs had tendered to defendant Skagit County Mortgage and Investment Company the sum of $213.25, being the amount of the taxes, penalties, interest and costs paid by defendant Graham at the tax sale of the premises, together with interest thereon to date of tender, which amount was refused by the defendant company, and thereafter by the plaintiffs paid into the registry of the court for said defendant.

Relief was sought by decree setting aside the tax foreclosure proceedings and the conveyances to the defendants based thereon, together with the quieting of title to the premises in the plaintiffs. Demurrers to the complaint were sustained, and the plaintiffs refusing to plead further, the action was dismissed, from which judgment the plaintiffs have appealed.

As we view the case, the complaint states a cause of action for relief from the tax foreclosure proceedings upon the ground that the summons issued and published therein was void, the description of the property contained in the summons being fatally defective. It will not be necessary, therefore, to consider the other questions presented.

The requirements of the statute with reference to the contents of the summons in tax foreclosures by municipalities, in this respect, are:

"Provided that summons may be served or notice given exclusively by publication in one general notice, describing the property *as the same is described on the tax-rolls.*" Rem. Code, § 9257.

In the case of *Welch v. Beacon Place Co.,* 48 Wash. 449, 93 Pac. 923, this court had before it a similar state of facts where the property involved, which had been

owned by Patrick Welch, consisted of lot 5 , in block 7,
of Syndicate addition to the city of Seattle, King coun-
ty, Washington.  In a tax foreclosure proceeding there-
after instituted by King county, this property was in-
cluded with other property in the summons or notice
published pursuant to the provisions of this section of
the statute.  On a page of the notice following a de-
scription of a large amount of property under the head-
ing "Seattle Old Limits" was the following descrip-
tion of the property in question: "Syndicate Add.—
P. Welch, lot 5 block 7."  While the description of the
property as it appeared on the tax rolls does not ap-
pear from the opinion in that case, these observations
made by the court are pertinent to the facts in this
case:

"A tax foreclosure proceeding of this character is
in the nature of a proceeding *in rem,* and under the
rule governing such, the property sought to be affected
must be described with reasonable accuracy.  The own-
ers of this property appear to have paid their taxes
regularly for many years.  Why the matter was over-
looked with reference to the taxes for which this fore-
closure was brought, we do not know.  Doubtless it was
a mistake or oversight of some character.  The owners
were living in the state during all of that time.  To take
respondents' property from them in payment of these
old and evidently overlooked taxes would be a hard-
ship which should not be visited upon them, unless the
jurisdictional requirements in the foreclosure proceed-
ing were shown to have been fully complied with.  The
description of a single lot among a vast number of de-
scriptions might easily escape an owner's notice, even
if correct.  If incorrect, the more easily could it be over-
looked, even if the owner's attention was called to the
list without suspecting that he had property mentioned
therein.  It is evident that the description under which
this property was proceeded against was not the cor-
rect description of the property sought to be subjected
to the tax lien, and we cannot say that this defect, con-

sidered together with the obscure place and form in which it appeared in the notice, was not sufficient to, or may not have misled the respondents or him under whom they claim, and cannot say that it was published in a form and possessed the accuracy and definiteness which can be said, as a matter of law, to have been sufficient to bind them with notice.''

And in the case of *Miller v. Henderson,* 50 Wash. 200, 96 Pac. 1052, where the provisions of the statute requiring the certificate of delinquency to be filed with the clerk prior to the commencement of the foreclosure proceeding were held not jurisdictional, we said:

''The appellants argue that as the proceedings for the foreclosure of tax liens are special and statutory, and not according to the course of the common law, they must be construed strictly, and hence any failure on the part of the tax collectors to take the steps provided by the statute in the order in which they are therein provided must result fatally to any proceeding where the final result is to deprive a citizen of his property. Unquestionably this is in accord with the great weight of judicial authority; in fact, so uniform and so strict has been the application of the rule in most jurisdictions that the very term 'tax title' has become a synonym for worthlessness. But this court has not followed this rule in all of its strictness. It has seemed to us that the levy and collection of taxes is not a special proceeding in all of its aspects. Certainly the power to do so is something more than a mere statutory right. The power lies at the very foundation of government itself. It is a power that must be exercised in one form or another else the government will cease to exist for want of means to sustain itself. Hence, we have felt that statutory provisions relating to taxation were rather regulations upon the power than the source from which the power is derived; and being regulations, that they were to be regarded by the court as regulations are usually regarded when the proceedings had under them are attacked collaterally; that is to say, departures from the strict rule prescribed are to

be regarded as fatal only where the departure affects some substantial right of the complaining party—where he is denied some substantial right which would have been granted him had the regulation been pursued according to its terms—but to deny relief where the departure complained of does not affect the complaining party either one way or the other. In the present case the delinquency thought to be fatal is of the latter sort. This omission to file the certificate of delinquency in the office of the county clerk prior to the issuance and service of the summons could in no manner affect the rights of the appellants. Nor was the thing itself in any way necessary to constitute due process of law, as the proceeding prescribed by the statute would have been as valid and obligatory without this requirement as with it. It being therefore neither essential to the rights of the landowners nor to the legality of the statute, we think the omission of the clerk to comply with it at the time contemplated by the framers of the act did not so far deprive the court of jurisdiction as to require us to hold the sale invalid.''

In *Wick v. Rea,* 54 Wash. 424, 103 Pac. 462, it is said:

''While the argument is forceful and is supported by respectable authority, this court is committed to the doctrine that a summons in tax foreclosure proceedings must comply with the statutes. Otherwise the court acts without jurisdiction. The rule, as stated in 17 Ency. Plead. & Prac., 45, 'The right to serve process by publication being of purely statutory creation and in derogation of the common law, the statutes authorizing such service must be strictly pursued in order to confer jurisdiction upon the court,' was adopted in *Thompson v. Robbins,* 32 Wash. 149, 72 Pac. 1043, and has been followed in the following cases: *Smith v. White,* 32 Wash. 414, 73 Pac. 480; *Dolan v. Jones,* 37 Wash. 176, 79 Pac. 640; *Woodham v. Anderson,* 32 Wash. 500, 73 Pac. 536; *Williams v. Pittock,* 35 Wash. 271, 77 Pac. 385; *Young v. Droz,* 38 Wash. 648, 80 Pac. 810; *Owen v. Owen,* 41 Wash. 642, 84 Pac. 606; *Bartels v. Christenson,* 46 Wash. 478, 90 Pac. 658; *Bauer v. Windholm,* 49 Wash. 310, 95 Pac. 277; *Gould v. Knox,*

53 Wash. 248, 101 Pac. 886; *Hays v. Peavy, ante* p. 78, 102 Pac. 889; *Gould v. Stanton, ante* p. 363, 103 Pac. 459; *Gould v. White, ante* p. 394, 103 Pac. 460.''

The statute having required that the property shall be ''described in the summons the same as described on the tax rolls,'' it necessarily follows that there must be at least a substantial compliance with such provision, since it is by virtue of the summons that the court acquires jurisdiction to hear and determine the cause. True, the proceeding is one *in rem*, yet it is essential that jurisdiction of the *res* be acquired in the method prescribed by the statute, otherwise the owner is deprived of his property without due process of law.

The difference in the two descriptions here in question is so marked that we are not prepared to say that they are substantially the same. To hold otherwise would open the door to other and further departures from the statute, even to the extent where the somewhat limited right guaranteed by the statute might not only be qualified, but eventually destroyed. Before the court is justified in saying that two descriptions are substantially the same, it should manifestly appear that they are so. Such rule imposes no hardship upon the tax collecting officers. They have in their possession the original entry of that which the statute says shall be inserted in the summons. To meet the requirement involves no unusual effort. The county treasurer need only refer to his records, the notice being sufficient if it follows the description embodied in the tax rolls. Nor does it work any injury to the purchaser at the tax sale, the party attacking the proceeding being required, as a condition precedent to the relief sought, to tender the purchaser the amount paid for the property at such sale, with interest to the date of the tender.

The principal cases relied upon by respondents in support of the judgment of the lower court are *Konnerup v. Milspaugh*, 70 Wash. 415, 126 Pac. 939; *Ontario Land Co. v. Yordy*, 44 Wash. 239, 87 Pac. 257; *Continental Distributing Co. v. Smith*, 74 Wash. 10, 132 Pac. 631, and *Noble v. Aune*, 50 Wash. 73, 96 Pac. 688. A brief analysis of these cases is therefore pertinent.

The *Konnerup* case did not involve the question of the sufficiency of a description of property contained in a summons published in a tax foreclosure proceeding. The question there presented was the sufficiency of a description contained in a sheriff's deed made pursuant to execution sale, the court applying the rule that a description in an instrument affecting title to real estate is sufficient if it affords an intelligent means for identifying the property and is not misleading; also holding that extrinsic evidence in aid of the description was admissible for the purpose of identification.

In *Ontario Land Co. v. Yordy, supra,* the question presented was the sufficiency of the description appearing upon the assessment rolls, and not whether the property was described in the summons "the same as it was on the tax rolls;" moreover, no tender of the delinquent taxes, as required by the statute, had been made.

In *Noble v. Aune, supra,* it was insisted that the tax foreclosure proceeding was invalid for the reason that the name of the owner was given as "Henry Acenie" instead of "Henry Aune," as it appeared in the tax roll for some of the years for which the taxes were delinquent. The court refused to sustain this contention, holding that it is immaterial what name or names are used in the summons, or whether any are used, it being sufficient if the summons contains a proper description of the property.

In *Continental Distributing Co. v. Smith, supra,* it appears that the description of the property contained in the summons was identical with that contained on the tax rolls, the question raised being a discrepancy between the name of the owner as it appeared in the summons and on the tax rolls, and the insufficiency of the description appearing on the tax rolls. Without further discussion, it is apparent that the cases are not apposite.

Counsel for respondent cite and rely upon the following provisions of § 9267, Rem. Code:

"And any judgment for the deed to real estate sold for delinquent taxes rendered after the passage of this act, except as otherwise provided in this section, shall estop all parties from raising any objections thereto, or to a tax title based thereon, which existed at or before the rendition of such judgment, and could have been presented as a defense to the application for such judgment in the court wherein the same was rendered, and as to all such questions the judgment itself shall be conclusive evidence of its regularity and validity in all collateral proceedings, except in cases where the tax or assessments have been paid, or the real estate was not liable to the tax or assessment."

This statute is not applicable here for the reason that the judgment was void, the court having never acquired jurisdiction of the tax foreclosure proceeding. The judgment is reversed, and the cause remanded with direction to overrule the demurrers to the complaint.

ELLIS, C. J., FULLERTON, MAIN, and PARKER, JJ., concur.