[No. 15182. Department One. March 28, 1919.]

HENRY MOLLER et al., Respondents, v. M. A. GRAHAM et al., Appellants.[1]

TAXATION (154-1)—FORECLOSURE OF TAX LIEN—DESCRIPTION OF PROPERTY. Under Rem. Code, § 9257, requiring summons by publication in a general county tax foreclosure to describe the property the same as described on the tax rolls, the notice is insufficient where it described the property as being in "Bowman's Plat" and the evidence showed it appeared on the tax rolls as "Bowman's C. S. H. W. F. Plat," even though there was only one "Bowman's" plat.

SAME. Where, in a general county foreclosure of delinquent taxes for a certain year, the published description in the summons did not describe the property the same as on the tax rolls for that year, the foreclosure is not rendered valid by the fact that the property was described on the tax rolls for subsequent years the same as in the published notice, although Rem. Code, § 9268, required the plaintiff to pay such subsequent taxes.

Appeal from a judgment of the superior court for Skagit county, Alston, J., entered August 26, 1918, upon findings in favor of the plaintiffs, in an action to set aside a tax deed, tried to the court. Affirmed.

*Ben Driftmier* and *J. W. Norvell,* for appellants.

*Joiner & English,* for respondents.

MAIN, J.—This action was brought by the plaintiffs to set aside a certain tax deed, executed by the county treasurer of Skagit county to the defendant Graham, and a deed thereafter executed by him to the defendant Skagit County Mortgage & Investment Company. The trial resulted in a judgment as prayed for in the complaint. From this judgment, the defendant appeals.

In the year 1906, Sarah Louise Dobbins became the owner of the west one-half of lot six, and the east 27 feet of lot seven, of block thirty, in Bowman's Central Ship Harbor Water Front Plat of the city of Ana-

[1]Reported in 179 Pac. 858.

cortes. On August the 12th, 1912, Sarah Louise Dobbins and Richard Dobbins, her husband, mortgaged the property to the respondent Henry Moller. During the year 1916, the treasurer of Skagit county began an action to foreclose for the taxes on the property for the year 1910, which were delinquent. In this action, judgment was entered and the property was directed to be sold. The property was sold by the county treasurer on November the 21st, 1916, to one M. A. Graham, who subsequently conveyed the property to the appellant Skagit County Mortgage & Investment Company, for whom he was acting. On the 16th day of December, 1916, Mr. and Mrs. Dobbins gave a deed to the respondent Henry Moller, their mortgagee. In the foreclosure action, summons was served by publication, in one general notice which included other property. In the summons, the property was described as being in "Bowman's Plat to the City of Anacortes." The property was described upon the tax rolls for the year 1910 as being in "Bowman's C. S. H. W. F. Plat" of Anacortes. It thus appears that the description in the summons and that upon the tax rolls are not the same. The question then arises whether the foreclosure proceeding was invalid for that reason.

The case was formerly before this court, 101 Wash. 283, 172 Pac. 226, upon a demurrer to the complaint, and it was there held that the complaint stated a cause of action. In the complaint, it was alleged that the published notice contained a description of the property as being in "Bowman's Plat," while it was described upon the tax rolls as "Bowman's Central Ship Harbor Water Front Plat," of the City of Anacortes.

It is first sought to remove the case from the former decision because it appeared upon the trial that the property was described upon the tax rolls as Bowman's C. S. H. W. F. Plat, while it was alleged in the

complaint to be Bowman's Central Ship Harbor Water Front Plat; but if the difference between the two descriptions as alleged in the complaint was fatal to the action, it must necessarily follow that the difference between the descriptions as shown by the evidence would likewise render the tax foreclosure invalid; the only difference being that in the complaint the words Central Ship Harbor Water Front are printed in full, while upon the evidence it appeared that only the initial letters of these words were set out on the tax rolls. In this respect, there was no substantial difference between the case alleged in the complaint and that established by the evidence upon the trial.

It is sought in two other respects to avoid the force of the opinion upon the former appeal, the first of which is that the evidence showed that there was but one Bowman's Plat to the City of Anacortes. The statute requires that, in the published summons, the property shall be described "as the same is described on the tax rolls." Rem. Code, § 9257. The fact that there may have been but one Bowman's Plat would not remove the case from the requirements of this statute, and the holding upon the former appeal.

The other respect in which it is sought to distinguish the case on the merits from that made by the complaint is that the property upon the tax rolls, for the years subsequent to 1910, was described as being in Bowman's Plat, omitting the initials for the words Central Ship Harbor Water Front, as they appeared upon the rolls in the description for that year. The answer to this position would seem to be that it was the delinquent taxes for the year 1910 for which the foreclosure was being had. The fact that the property may have appeared on the tax rolls for subsequent years as Bowman's Plat would not modify the requirement that the description upon the tax rolls and the description in

the published summons must be the same for the year for which the delinquent taxes are being foreclosed. While, under § 9268 of Remington's 1915 Code, the purchaser of the property must pay all taxes, penalties, interest and costs for which the judgment was rendered, together with all taxes, interest and costs for all subsequent years, the foreclosure was not for the subsequent taxes, but those for the year 1910, for which the certificate of delinquency was issued.

The judgment will be affirmed.

CHADWICK, C. J., MACKINTOSH, TOLMAN, and MITCHELL, JJ., concur.