[No. 16142. Department Two. June 25, 1921.]

## J. R. McKEAND, *Appellant*, v. CARL BIRD *et al.*, *Respondents*.[1]

TAXATION (152)—FORECLOSURE OF LIEN—AFFIDAVIT—NONRESIDENCE—SUFFICIENCY. The superior court acquired no jurisdiction of tax foreclosure proceedings by a private party against a nonresident defendant, where the affidavit for publication of the summons was contradictory, reciting that affiant believes that the defendant is not a resident of the state, and that he has deposited a copy of the summons and notice in the post office at Pasco, . . . directed to the defendant at his place of residence, to wit, at Pasco; since Rem. Code, § 228, requires the affidavit to show a mailing of the copy directed to the defendant at his place of residence, unless the affidavit state that such residence is not known to affiant.

Appeal from a judgment of the superior court for Franklin county, Truax, J., entered June 15, 1920, in favor of the defendants, in an action to quiet title, tried to the court. Affirmed.

*Chas. W. Johnson*, for appellant.

*B. B. Horrigan*, for respondents.

MITCHELL, J.—The decision in this case depends upon the validity of two tax foreclosure cases had in the superior court of Franklin county, wherein the real property is located.

The plaintiff is the grantee of the purchaser at the tax foreclosure sales, while the defendants are the grantees of Fred P. Yandeau, who owned the property at the time of the assessment of the property, delinquency in payment of the taxes, issuance of the C. D.'s and the foreclosure proceedings including the tax sales. Upon the trial of the case, the superior court entered judgment finding that the defendants are the owners in fee simple of the lands free and clear of

[1]Reported in 199 Pac. 293.

any claim on the part of the plaintiff, for whose benefit the judgment declares the defendants have paid to the clerk of the court for the plaintiff the sum of $615.13 in full satisfaction of plaintiff's prior lien for taxes, penalty, interests and costs. The plaintiff has appealed.

There was no personal service of process in the tax suits nor appearance by Fred P. Yandeau, the defendant named therein; nor did he have any notice or knowledge of the pendency of the tax cases. The validity of the judgments in those cases depends upon the proceedings for substituted service by the publication of summons.

Fred P. Yandeau resided at Pasco, the county seat of Franklin county, from the time of acquiring the property in August, 1908, until March 1, 1909, at which time he went to California, where he has since resided. After going to California, he regularly paid taxes on the property until the spring of 1914—the last payment being the taxes levied in the year 1913—by correspondence from La Jolla, California. The evidence shows that a part at least of his correspondence from that place was kept on file in an orderly manner in the office of the county treasurer and that the official duplicate tax receipts in the treasurer's office show Yandeau's residence to be La Jolla, California. The evidence further shows that the certificates of delinquency foreclosed were for the taxes levied in the years 1914 and 1915, and that the preparation and making of the affidavits, for the publication of summons in the tax foreclosure cases, were by persons who were residents of Pasco. In each of the affidavits, it was stated,

"That he (affiant) believes that the defendant above named is not a resident of the state of Washington, and cannot be found therein. That he has deposited a copy of the summons and notice of foreclosure in this action in the post office at Pasco in said county, state of

Washington, directed to the said defendant at his place of residence, to-wit: at Pasco, in the state of Washington, with the postage thereon duly paid.''

The statements in the affidavits as to the defendant's residence were positively contradictory, and it was not even stated that Pasco was the last known place of residence of Yandeau, nor was it stated that his residence was unknown. The slightest diligence by way of inquiry at the treasurer's office, which ordinarily is supposed to be advised of the address of a non-resident taxpayer, would have readily shown that Yandeau's address was La Jolla, California. That inquiry would have qualified the maker of the affidavits, upon which the publications of summons were based, to have complied with the essentials mentioned in the statute, and at the same time to have carried out the purpose and policy of the statute that the owner of the property shall have his day in court. In cases wherein the defendant is not a resident of the state or cannot be found therein, Rem. Code, § 228, as to the service of summons by publication, provides for the filing of an affidavit of the plaintiff, his agent or attorney, with the clerk of the court, stating, among other things, that the affiant has deposited a copy of the summons and complaint in the post office, directed to the defendant at his place of residence, unless it is stated in the affidavit that such residence is not known to the affiant. That section of the code is applicable to tax foreclosure proceedings commenced by a private party. *Felsinger v. Quinn*, 62 Wash. 183, 113 Pac. 275. And as late as the case of *Moller v. Graham*, 101 Wash. 283, 172 Pac. 226, occasion was found to repeat the rule announced in the case of *Wick v. Rea*, 54 Wash. 424, 103 Pac. 462, as follows:

''While the argument is forceful and is supported by respectable authority, this court is committed to the

doctrine that a summons in tax foreclosure proceedings must comply with the statutes. Otherwise the court acts without jurisdiction. The rule, as stated in 17 Ency. Plead. & Prac., 45, 'The right to serve process by publication being of purely statutory creation and in derogation of the common law, the statutes authorizing such service must be strictly pursued in order to confer jurisdiction upon the court,' was adopted in *Thompson v. Robbins,* 32 Wash. 149, 72 Pac. 1043, and has been followed in the following cases: *Smith v. White,* 32 Wash. 414, 73 Pac. 480; *Dolan v. Jones,* 37 Wash. 176, 79 Pac. 640; *Woodham v. Anderson,* 32 Wash. 500, 73 Pac. 536; *Williams v. Pittock,* 35 Wash. 271, 77 Pac. 385; *Young v. Droz,* 38 Wash. 648, 80 Pac. 810; *Owen v. Owen,* 41 Wash. 642, 84 Pac. 606; *Bartels v. Christenson,* 46 Wash. 478, 90 Pac. 658; *Bauer v. Windholm,* 49 Wash. 310, 95 Pac. 277; *Gould v. Knox,* 53 Wash. 248, 101 Pac. 886; *Hays v. Peavy, ante* p. 78, 102 Pac. 889; *Gould v. Stanton, ante* p. 363, 103 Pac. 459; *Gould v. White, ante* p. 394, 103 Pac. 460."

Because of the conclusion that the court was without jurisdiction to render the judgments in the tax cases, we find it unnecessary to discuss other contentions made by the respondents, disputed by the appellant, that the tax sales and deeds were void.

Judgment affirmed.

PARKER, C. J., MAIN, and TOLMAN, JJ., concur.