[No. 6961. Decided February 13, 1908.]

## Eliza Welch *et al.*, *Respondents*, v. Beacon Place Company, *Appellant.*[1]

Taxation — Foreclosure of Lien — Summons — Description of Property—Sufficiency. A summons for publication in a tax foreclosure proceeding does not describe the property with reasonable accuracy where a lot is described as in "Syndicate Add," without giving the name of any city or town, and there are in the county several syndicate additions; and judgment of foreclosure is void, where the description appears differently in the summons, judgment and deed, and the owner had no notice of the proceeding and had paid taxes for the last ten years.

Appeal from a judgment of the superior court for King county, Frater, J., entered May 22, 1907, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*L. T. Turner*, for appellant.

*Austin E. Griffiths*, for respondents.

Root, J.—This action involves the ownership of lot 5, in block 7, of Syndicate Addition to the city of Seattle, King county, Washington. Plaintiffs, respondents here, claim as sole heirs-at-law (widow and minor child) of Patrick Welch,

[1]Reported in 93 Pac. 923.

29—48 Wash.

who died April 14, 1903. The property was sold November 15, 1902, to King county, at the general county tax foreclosure sale, for the taxes of 1892 and prior years. It was conveyed by deed to King county May 8, 1903. Thereafter the county sold and conveyed the property to one Allen, who subsequently conveyed it to appellant. Prior to the commencement of this action, respondents tendered appellant the amount of taxes for which the property was sold, with interest to date, and demanded a conveyance of the property to them, which tender and demand were refused by appellant. Respondents brought this action in equity, and asked to have the tax proceedings declared invalid and title to the property quieted in themselves. From a decree in their favor, this appeal is prosecuted.

It appears that the property in question was at all times herein mentioned vacant, and that Patrick Welch had paid all of the taxes subsequent to 1892. Neither said Welch nor respondents appear to have received personal notice, or to have had any actual knowledge, of the delinquent taxes or foreclosure proceedings. Numerous grounds are assigned by respondents for their contention that the sale of the property under the foreclosure proceedings was void. It is urged that, by reason of the long delay of the county in bringing foreclosure proceedings, during which time the owner had annually paid his taxes without receiving any notice of the former taxes being unpaid, the county should be estopped from foreclosing for said former taxes; and it is also urged that, under Bal. Code, §§ 5504-5506 (P. C. §§ 1161-1163), the respondents acquired good title to this property as against the tax lien and those claiming under the foreclosure thereof, for the reason that they had continuously paid the taxes thereupon for more than seven years since 1892, and prior to the sale under the foreclosure proceedings.

Certain defects in the form of the summons are alleged, and it is also contended that the description of the property

in the foreclosure proceedings was so erroneous and indefinite as to render the decree of foreclosure void. We think it necessary to discuss only the last contention. The notice and summons was headed: "The County of King, plaintiff, vs. Persons to whom assessed and all persons unknown, if any, and all persons owning or claiming to own and having or claiming to have an interest in and to the hereinafter described real property, defendant." The notice and summons then proceeds to notify all such persons that the county of King is owner and holder of the certificate of delinquency, and they were therein notified to appear within sixty days and pay the amount due or suffer judgment of foreclosure against the property. Then follows a description of a large amount of property, and on one page of the notice appear the words, "Seattle Old Limits," and on the following page, under the heading "Syndicate Add.," with a dash after it, "P. Welch, lot 5, block 7." In the application for judgment, under numerous heads, the description appears to be about this: "Syndicate Add., section or lot 5, township or block 7." The name of no city or town is given. The description appears differently in each instance, in the decree, in the deed from the treasurer to King county, and in the notice of sale by the county to Allen, the deed from the treasurer to the county being approximately correct. It is admitted by the parties that besides this "Syndicate Addition," there are in King county a "Kirkland Syndicate's First Addition to Seattle," and another known as "Kirkland's Second Syndicate Addition to Seattle."

A tax foreclosure proceeding of this character is in the nature of a proceeding *in rem*, and under the rule governing such, the property sought to be affected must be described with reasonable accuracy. The owners of this property appear to have paid their taxes regularly for many years. Why the matter was overlooked with reference to the taxes for which this foreclosure was brought, we do not know. Doubt-

less it was a mistake or oversight of some character. The owners were living in the state during all of that time. To take respondents' property from them in payment of these old and evidently overlooked taxes would be a hardship which should not be visited upon them, unless the jurisdictional requirements in the foreclosure proceeding were shown to have been fully complied with. The description of a single lot among a vast number of descriptions might easily escape an owner's notice, even if correct. If incorrect, the more easily could it be overlooked, even if the owner's attention was called to the list without suspecting that he had property mentioned therein. It is evident that the description under which this property was proceeded against was not the correct description of the property sought to be subjected to the tax lien, and we cannot say that this defect, considered together with the obscure place and form in which it appeared in the notice, was not sufficient to, or may not have misled the respondents or him under whom they claim, and cannot say that it was published in a form and possessed that accuracy and definiteness which can be said, as a matter of law, to have been sufficient to bind them with notice.

The judgment of the superior court is therefore affirmed.

HADLEY, C. J., CROW, DUNBAR, and MOUNT, JJ., concur.

RUDKIN and FULLERTON, JJ., took no part.