[No. 8390. Department Two. November 12, 1909.]

J. W. STANCHFIELD, *Appellant*, v. BERT BLESSING,
*Respondent.*[1]

TAXATION—FORECLOSURE—SUMMONS—CERTAINTY—DESCRIPTION OF
LAND. A tax foreclosure summons is not so uncertain as to render
the judgment void merely because of the use of the word "or" in-
stead of "of" in describing the "N. E. ¼ of the S. W. ¼" of a certain
section, where it was followed by "40 acres," denoting the quantity
of the land.

Appeal from a judgment of the superior court for King
county, Gay, J., entered May 4, 1909, in favor of the de-
fendant, upon an agreed statement of facts, in an action of
ejectment. Affirmed.

*Willett, Oleson & Willett*, for appellant.

*McBurney & Cummings*, for respondent.

MOUNT, J.—Appellant brought this action in ejectment.
After issues were joined, an agreed statement of facts was
made. It was agreed that the appellant is the owner of the
land in controversy, unless the title of his grantor was di-
vested by a county tax foreclosure proceeding conducted by
King county. It is stipulated that, on January 31, 1898, a
certificate for delinquent taxes for the years 1888, 1893-4-5,
in the sum of $58.91, was issued to King county. The land
was properly described in the certificate, and was assessed
for the years 1893-4-5 to George Vanderbeck, the owner.
On December 31, 1901, King county began an action to
foreclose this certificate. The lands were properly described
in the complaint as "the N. E. ¼ of the S. W. ¼ of Sec. 35,
Twp. 20, North, Range 6, East W. M." On January 1,
1902, and for six successive weeks thereafter, a summons or
notice was regularly published, which described the owner,
the property, the years for which taxes were delinquent, and

[1]Reported in 104 Pac. 800.

the amount of delinquency, as follows: "George Vanderbeck, ne ¼ or sw ¼ sec 35, tp 20, r 6, 40 acres, 1888-1893-4-5, 58 91." On September 29, 1902, a judgment was rendered in all respects regular, except the description of the property, which was the same as is last above quoted. On November 15, 1902, after due notice, the property was offered for sale, and bid in by King county. On May 8, 1903, the treasurer of King county issued his tax deed, conveying the property to King county. This deed described the property as "the N. E. ¼ of the S. W. ¼ Sec. 35, Tp. 20 North, Range 6 East, King county, Washington." The plaintiff claims by mesne conveyance from George Vanderbeck, while the defendant claims by mesne conveyance from King county. Upon these facts the lower court granted a judgment in favor of defendant, and the plaintiff has appealed.

It will be noticed that the only defect in the tax foreclosure proceedings is the use of the word "or" in the description contained in the summons and judgment. It is claimed by the appellant that the use of the word "or" instead of the word "of" rendered the whole tax proceedings void, for the reason that no particular tract of land was described, and the description used in the summons and judgment was so ambiguous and uncertain as to amount to no description. It is apparent to our minds that the word "or," as used in the summons and judgment, was a mere clerical or typographical error, so apparent upon the face of the record that no one was or could be misled by it. The words "40 acres" following the description show plainly that the word "of" was intended, because the words "40 acres" denote the quantity of land described. They aided the preceding description, and make that definite which otherwise might have been indefinite. A quarter of a quarter section of land is forty acres, while the northwest quarter or southwest quarter would be one hundred and sixty acres of land. Appellant argues that the words "40 acres" make the description more indefinite. This is probably true if the description must be

read literally, but it is so apparent that the letter "r" was used by mistake for the letter "f," that the description must not be read literally. The object of the summons was notice to the owner. We are clearly of the opinion that it was sufficient to give the owner notice of the land which was intended to be described and which was in our opinion described with reasonable certainty.

The judgment is therefore affirmed.

RUDKIN, C. J., CROW, DUNBAR, and PARKER, JJ., concur.