[No. 14713. *En Banc.* December 9, 1918.]

# J. K. LUMBER COMPANY, *Respondent,* v. E. P. ASH, *Appellant.*[1]

TAXATION (75)—ASSESSMENT IN WRONG NAME—NOTICE TO OWNER. An assessment of personal property in the wrong name does not invalidate the tax, where the owner knew thereof and had been doing business and paying taxes in such name.

SAME (131)—SALE OF PERSONALTY—NOTICE. A personal property assessment and tax sale of a logging company's "railroad" and equipment is not void as embracing real estate, where the railroad referred to was upon leased land.

SAME (131)—PERSONALTY—DISTRAINT—POSSESSION. To distrain for personal property taxes upon a railroad some miles in length, locomotives, cars, cable and equipment at different places, the sheriff need not, under Rem. Code, § 9223a, take physical possession, or do more than examine the property and give and post the legal notices.

SAME (131)—SALE OF PERSONALTY—INADEQUACY OF PRICE. Inadequacy of price is not ground for setting aside a regular sale of personal property for delinquent taxes.

SAME (131)—SALE OF PERSONALTY — IN PARCELS — PRESENCE OF PROPERTY. A sale of the personal property of a logging company consisting of a railroad, locomotives, cars, and equipment at different places is not void because not made in parcels and because it was not exhibited to purchasers, where bids in parcels were called for and none received, and where there was no one place where it could all have been collected for exhibition with any likelihood of attracting more bidders.

Appeal from a judgment of the superior court for Skamania county, Back, J., entered September 14, 1917, in favor of the plaintiff, in an action to vacate a tax sale, tried to the court. Reversed.

*G. E. Lovell* and *E. E. Shields,* for appellant.

*Platt & Platt, Douglas, Lane & Douglas,* and *Guy C. H. Corliss,* for respondent.

[1]Reported in 176 Pac. 550.

MACKINTOSH, J.—The respondent seeks to have set aside a sale of its personal property for delinquent taxes for the year 1916.

The company has been for some years the owner of logging lands on Hamilton creek, Skamania county, this state, together with a logging railroad and equipment of various kinds used in its logging operations. These operations were carried on by the respondent under various names, used more or less interchangeably, viz; Hamilton Creek Timber Company; Kribs Timber Company (Kribs being president of respondent); J. K. Kribs and J. K. Lumber Company. The principal office of the company was located in Portland, Oregon. The use of the name Hamilton Creek Timber Company resulted from a transaction whereby the Hamilton Creek Timber Company, by one Dodge, its virtual owner, some years before passed into the control of respondent. This transaction was never evidenced by any public record; that is, no real or chattel mortgage, or bill of sale, or conditional sale contract, or any other instrument evidencing the transaction, was ever filed with any officer of Skamania county. The property of the respondent for the years 1915 and 1916 was carried on the tax rolls in the name of the Hamilton Creek Timber Company, the personal property being described as follows:

"Donkey and logging engines, pile drivers, hoisting engines, and all railroad equipment, etc., belonging to and under the control of Hamilton Creek Timber Company."

On March 1, 1917, the personal property taxes for the years 1915 and 1916 had not been paid, and a suit was pending wherein the respondent was endeavoring to have the 1915 taxes reduced. The assessor of Skamania county, before making up the tax list for 1916, had visited Mr. Kribs in Portland and talked with him

in regard to respondent's personal property. The respondent's real property taxes for the year 1916 had been paid by a Mr. Franks, who was a representative of the bondholders of respondent. On March 1, 1917, the treasurer of Skamania county handed to the sheriff of that county a notice to distrain for the taxes of 1915 and 1916. After receiving the notice, the sheriff sent to Mr. Kribs in Portland a delinquent personal tax notice in the form of the usual post card, and a deputy sheriff also called up Mr. Franks on the long distance telephone at Portland and informed him that personal property taxes for the years 1915 and 1916 were due and that the property would be sold for these taxes. Shortly after these notices had been given, attorneys representing the respondent came to Skamania county and settled the suit involving the 1915 personal property taxes. There is a dispute in the testimony as to whether at that time these attorneys entered into any discussion in regard to the personal property taxes for 1916. These latter taxes remaining unpaid, the sheriff issued a notice of distraint, a copy of which was mailed to the Hamilton Creek Timber Company at Hamilton creek, and a deputy sheriff visited Hamilton creek and examined the property. The sheriff then issued a notice of sale in accordance with law, which notice described the property as it was described on the tax rolls. This notice was posted in three public places, one at the courthouse, one at the post office, and one at the town hall, and a notice of distraint was posted along with this notice, and the two kinds of notice were posted at Hamilton creek, where some of the respondent's personal property was located. The sheriff testified that a copy of both these notices was mailed to Mr. Franks. The notice of sale provided that, at 10 o'clock on the forenoon of April 28, 1917, the sheriff would sell, at the courthouse

of Skamania county, personal property of the Hamilton Creek Timber Company for delinquent personal property taxes. It was between the time of the posting of these notices and the sale that the taxes of 1915 were paid, as we have already noticed. The property was offered for sale in conformity with the notice, and was purchased for the delinquent taxes for the year 1916 by the appellant, he being the sole bidder.

The validity of this sale is attacked on several grounds: First, that the assessment was void for the reason that the property was not, at the time of the assessment, owned by the Hamilton Creek Timber Company, but was owned by the respondent. The answer to this is that the respondent had paid real and personal property taxes for the year 1915 and real property taxes for the year 1916 on its property so assessed, and had received notice of the delinquency of the personal property taxes for 1916, and therefore knew that it was assessed in the name of the Hamilton Creek Timber Company.

"If the property is intended to be assessed in the name of the right owner, the assessment will not be vitiated by mistake if he is not misled." 37 Cyc. 1005.

Second: It is objected that the assessment and sale were void because they embraced real property. The sheriff's sale did not describe, nor attempt to describe, any real property, and the assessor testified that he did not assess any real property, but that the railroad referred to in the assessment and sale was the railroad situated upon leased land, which was personal property, and this was what appellant bought at the sale, and is all that he claims to have received.

Third: The respondent claims that no lawful distraint of the property was made as provided in ch. 137, Laws of 1915, p. 370 (Rem. Code, § 9223a), its claim being that the sheriff, in order to distrain, must

seize the property and take it into his actual, physical possession. In view of the fact that the property consisted of a railroad some miles in length, locomotives situated in different places, cars, cable and equipment at different places, we do not think the sheriff would necessarily have to do more than was done in this case in order to distrain. The argument advanced by the respondent, that the sheriff, in order to distrain, must take the personal property into his actual, physical possession, is stated as follows:

"When tangible property is actually seized, the owner has notice of it, for he is bound in law to keep in touch with his property; and he is therefore advised of the distraint when actual seizure is made. In no other way is he advised of such distraint under this statute with respect to tangible property; for, so far as that kind of property is concerned, the law provides no kind of notice of the distraint, but only a notice of the sale so as to insure the property bringing a fair price."

The answer to this is that, in the first place, it was physically impossible to take actual, physical possession of the personal property assessed, and if the purpose of such taking is merely to give the owner notice, in this case it had actual notice, which should have been a great deal more effective than the notice which would have been imputed to it from the mere fact that the sheriff had gone up into the woods and taken possession of its property. The respondent also argues that, if the property was of such a character or so situated that an actual, manual seizure of it could not be made, there could not be any distraint. We cannot subscribe to this argument, for the reason that it is a conclusion which leads to the absurd result that taxes could not be collected on personal property which is so situated or of such character that the

sheriff cannot take it into his actual, physical possession. The statute does not provide that he must take the personal property into his physical possession, and this operates for the benefit of the owner, for the presumption must be that the owner will pay his taxes, and it certainly would work a great hardship in many cases if the sheriff, in order to make a distraint, should have to take actual, physical possession of the property distrained. For instance, in this case, if that had been necessary, the sheriff would have been compelled to tear up miles of track, disorganize the entire plant of respondent and work a great injury to respondent in its business. By posting notices of distraint and giving the company notice thereof, the sheriff did everything that was necessary under the statute, and certainly everything that was reasonable. If he had done more and taken into his actual, physical possession the personal property, the respondent would have a just ground for complaint.

Fourth: It is claimed that the sale was void for the reason that the sheriff, deriving his authority solely from the statute which gives him the authority to sell the personal property of the person against whom the assessment is made, in this case sold the property of respondent for an assessment made against the Hamilton Creek Timber Company. We have already answered this point by showing that the business of the respondent had been carried on, to a certain extent, under the name of the Hamilton Creek Timber Company, and thus the assessment and sale in the name of the Hamilton Creek Timber Company did not operate to the disadvantage of respondent.

Fifth: It is claimed that the sale was void by reason of the fact that the property sold was grossly in excess of the amount of the tax. This is really the

chief reason that respondent advances for setting aside this sale. This court, like nearly every court to whom the question has been presented, has held that, at a tax sale, the inadequacy of the price received is no ground for invalidating the sale. *Rothchild Brothers v. Rollinger,* 32 Wash. 307, 73 Pac. 367. The purpose of the tax sale is to collect taxes, and of necessity all such sales must result more or less in the buyer receiving property that is potentially of considerably more value than the amount of the taxes for which it is sold. These sales are held for the purpose of securing the collection of public revenue and are not to be as closely inquired into as to the adequacy of the consideration as are foreclosure and execution sales and sales of that character. It is a summary method taken to insure the collection of the public revenue.

Sixth: It is claimed that the sale was void for the reason that the property was not offered in parcels but was sold in a lump, and that it was not possible for it to be seen by those desiring to purchase. The record discloses that the sheriff, at the time of sale, announced that he was ready to sell in parcels, but that no bidder appeared desirous of buying in that manner, and that the property was then offered in a lump and was bid in by appellant, who was the only bidder present. As to whether the sale should have been had in the presence of the property, we are satisfied that there is no requirement that the sale be conducted in that manner, and in this case it would have been impossible to have so conducted it. There was no one place where all of the personal property was located or could have been collected, and if there had been any such place, it would have been so situated that the likelihood of any bidder being present would have been very remote. It was more likely that an adequate bid

would have been received at the county seat than at any place along the railroad or in the woods owned by respondent. Under the circumstances, the sheriff did the best possible thing to secure a buyer and to collect the taxes due.

The law was complied with in the matter of the assessment and sale, and everything that it provided for was done. All the notices required and some additional ones were given, and the respondent, through different sources, was in possession of actual knowledge that its property was subject to sale and was in a fair way of being sold. The reason that the taxes were not paid was that respondent was negligent, and that negligence continued while respondent sat by and allowed the sale to take place, of which it had been advised. The proceedings were as regular as are contemplated by the statute, and the fact that respondent may have, by its own carelessness, lost possession of its personal property is no reason for this court's attempting to read into the law requirements which would restore the property to respondent in this case, but which would make the collection of personal property taxes in hundreds of other cases a matter of such difficulty as would interfere with the securing of public revenue and add to the requirements which the legislature has deemed sufficient to protect the property owner who has failed to pay his taxes in time.

The judgment will be reversed and the action dismissed.

MAIN, C. J., HOLCOMB, PARKER, MITCHELL, FULLERTON, CHADWICK, and TOLMAN, JJ., concur.