[No. 15873.   Department Two.   August 6, 1920.]

NATIONAL BANK OF COMMERCE OF SEATTLE, *Appellant*, v. A. L. B. DAVIES *et al., Respondents.*[1]

TAXATION (154-1)—FORECLOSURE SALE—PUBLICATION OF NOTICE—DESCRIPTION OF PROPERTY.  A published notice of tax sale of the east half of a quarter section of land, describing the property as a quarter section and the number of acres to be sold, and referring to the tax number used in the assessor's tract book as provided by Rem. Code, § 9113, is sufficient, since the description, though incomplete, was supplied by the use of the tax number, which directed attention to the particular property of which he owned one-half the area described.

SAME (187)—TAX DEED—EXECUTION.  A tax deed is not prematurely executed although dated as of the last day for redemption, where it was not acknowledged or delivered until the next day.

SAME (141)—VACATION OF SALE—INADEQUACY OF PRICE.  Mere inadequacy of price is not ground for setting aside a tax sale.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered April 14, 1920, upon sustaining a demurrer to the complaint, dismissing an action to cancel a tax deed.  Affirmed.

[1]Reported in 191 Pac. 879.

*Kerr & McCord* and *C. R. Hovey,* for appellant.

*E. E. Wager,* for respondents.

TOLMAN, J.—In 1916 and prior thereto, the appellant was the owner of a tract of twenty acres of land in Kittitas county, Washington, described as the east half of the northeast quarter of the northwest quarter of section 29, township 18 north, range 19 east, W. M., which land was within the limits of a duly organized irrigation district known as the "Kittitas Reclamation District." Prior to 1916, the district attempted to levy a tax on this property, describing it on the tax rolls as: "NE¼ NW¼ Tax No. 5, Sec. 29, Tp. 18, Rg. 19, 20 Acres." The land was not described by metes and bounds, but was described in the assessor's tract book as "Tax No. 5, E½ NE¼ of NW¼ Sec. 29, Tp. 18, Rg. 19, Acres 20." The tax was not paid before delinquency, and a notice of tax sale was published which gave the name of appellant as owner, described the property as it appeared on the tax rolls, and which was printed in a newspaper published at Cle Elum within the county, but without the district and twenty-four miles distant from the county seat, there being several newspapers of general circulation published at the county seat. Pursuant to such published notice, the treasurer of Kittitas county proceeded, at the time fixed for such sale, as shown by the recitals in the deeds afterwards issued, as follows:

"And whereas, the treasurer and collector aforesaid attended at the time and place fixed for sale, and proceeded with said sale, and the assessments upon the land hereinafter described not having been paid, and no owner or possessor of any of the lands hereinafter described having designated what portion thereof he wished sold for the assessments against any of the

same, I proceeded to offer the same for sale designating the least quantity of and the least portion of interest in the land that would be sold for the assessments and percentage which were by law a lien upon it, to wit: I offered for sale at public auction, separately, each lot, parcel or tract of land as hereinbelow described, and at said auction; and upon said offers of sale, A. L. B. Davies, the party of the second part hereto, was the bidder who was willing to take the least quantity of, or smallest portion of interest in each of said hereinbelow described lots, parcels and tracts of land, and pay the assessments and charges due on each of the same, and his was the highest and best bid for each of said lots, parcels and tracts, and each of said lots, parcels or tracts of land was separately struck off and sold by me to the said A. L. B. Davies, upon his separate bid for each and every lot, tract or parcel as it was aforesaid, and he paid the full amount of the assessment and charges due upon each of said lots, parcels or tracts of land and became the purchaser thereof; and in the three columns next following are contained, first the names of the persons assessed as the owners of said lots, parcels and tracts, second, the particular description of each lot, parcel or tract of land sold, as aforesaid set opposite the name in which it was assessed; and third the amount for which said lot, parcel or tract of land was sold set opposite its description, the said three columns being marked at the top respectively, 'Names of persons assessed' under which appears the names aforesaid and 'Description of land sold' under which appears the description aforesaid, and 'Amount sold for' under which appears the amounts aforesaid, to wit:

| Names of persons Assessed | Description of Land sold | Am't sold for |
|---|---|---|
| National Bank of Commerce | Sec. 29 Tp. 18 Rg. 19 NE¼ NW¼ Tax No. 5, 20 Acres | $2.20 |

All of said lots, parcels and tracts of land situate, lying and being in Kittitas Reclamation Irrigation District, in the County of Kittitas, in the State of Washington.''

The granting clause of the deed being:

"I, W. G. Damerow, treasurer and collector afore-said, by virtue of and in pursuance of the statutes in such cases made and provided, have granted, sold and conveyed, and by these presents do grant, sell and convey unto aforesaid A. L. B. Davies and to his heirs and assigns forever, all and every of the lots, parcels and tracts of land as aforesaid and hereinbefore described in this deed, as fully and absolutely as I, W. G. Dam-erow, treasurer and collector as aforesaid, may or can lawfully sell and convey the same, together with all and singular the tenements, hereditaments and appur-tenances thereunto belonging or in anywise appertain-ing to each of said lots, parcels or tracts of land."

This deed was dated February 24, 1919, and ac-knowledged February 25, 1919, and was filed with the clerk on the last named day, and afterwards recorded. Appellant, by its second amended complaint, sets up these facts, alleges a subsequent tender of all sums paid as taxes by the purchaser, with interest; that the land is reasonably worth $1,500; that the amounts, with interest, paid by the purchaser aggregate less than $100, and prays for a decree cancelling the deed. To this complaint a demurrer was sustained, and ap-pellant electing to stand on its complaint, a judgment of dismissal followed, from which it appeals.

No point is made in the briefs or the oral argument based upon the publication of the delinquency list or notice of sale in a paper published outside of the irri-gation district and not at the county seat, and as the publication appears to be substantially as required by Rem. Code, § 6440, we pass that question without fur-ther comment.

It is strenuously argued that there is no authority in law for the description of this property as it was described in the tax rolls and in the published notice. It will be seen that the description "NE¼ NW¼ Tax

No. 5, Sec. 29, Tp. 18, Rg. 19, 20 acres," as compared with the east half of the northeast quarter of the northwest quarter of section 29, leaves something to be desired, unless "Tax No. 5" supplies the deficiency and directs attention to this particular property. The statute with reference to this subject, Rem. Code, § 9113, so far as here applicable, reads:

"The assessor shall list all real property according to the largest legal subdivision as near as practicable. The assessor shall make out in the plat and description book in numerical order a complete list of all lands or lots subject to taxation, showing the names and owners, if to him known, and if unknown, so stated; the number of acres and lots or part of lots included in each description of property and the value per acre or lot: Provided, that the assessor shall give to each tract of land where described by metes and bounds a number, to be designated as Tax No. — which said number shall be placed on the tax rolls to indicate that certain piece of real estate bearing such number, and described by metes and bounds in the plat and description book herein mentioned, and it shall not be necessary to enter a description by metes and bounds on the tax-roll of the county, and the assessor's plat and description book shall be kept as a part of the tax collector's records:"

It is true that the statute directs the adoption of a tax number for each tract described by metes and bounds, and we may assume for present purposes that the assessor is not authorized to go beyond the plain letter of the law, yet the assessor's tract book is made a part of the tax collector's record by the statute, and by the use of the words "Tax No. 5," one whose attention was called to an incomplete description within which he owned half the area described, and the notice advised him that one-half the tract was to be sold, and that he was the owner of the property affected, could hardly be heard to say that he did not have notice.

The law, in providing for this kind of notice, assumes conclusively that, by the lawful publication, the owner will see and take notice, so in effect we have the same question here as though the record showed that the owner read the published notice. Many cases have been decided by this court upon the sufficiency of the description contained in such a notice. Appellant relies upon *Miller & Sons v. Daniels,* 47 Wash. 411, 92 Pac. 268, where the tax deed described the property as twenty-five acres in a certain section (this court very properly held that, if the deed described the particular twenty-five acres in question, then it likewise described any other twenty-five acres in the same section) ; *Welch v. Beacon Place Company,* 48 Wash. 449, 93 Pac. 923, where the description of a lot in Syndicate Addition, without giving the name of any city or town, in a county where were several Syndicate Additions, was held insufficient; *Wick v. Rea,* 54 Wash. 424, 103 Pac. 462, where the tract in question was entirely omitted from the published notice; *Kennedy v. Anderson,* 88 Wash. 457, 153 Pac. 319, where there was no such tract in existence as that described, and the purchaser claimed a tract wholly outside the description because the treasurer pointed out such tract at the time of the sale; *Moller v. Graham,* 101 Wash. 283, 172 Pac. 226, where the property was described in the summons as being in Bowman's Plat, and on the tax roll as being in Bowman's Central Ship Harbor Water Front Plat. Clearly none of these are of assistance here. More nearly in point, however, is *Stanchfield v. Blessing,* 55 Wash. 620, 104 Pac. 800, where the description of the northeast quarter of the southwest quarter was published as the northeast quarter *or* the southwest quarter, followed by "forty acres" (this was held sufficient) ; *Old Republic Mining Co. v. Ferry County,*

69 Wash. 600, 125 Pac. 1018, where the description "Cecelia Lode" was held a sufficient description of the Cecelia Fraction; *Northern Pac. R. Co. v. Smith,* 68 Wash. 269, 122 Pac. 1057, where the description "Township 10 West" instead of "Township 10 North" was held to be a mere clerical error. We conclude that the notice as published was sufficient.

The contention that the deed was prematurely executed cannot be sustained. While dated February 24, which was the last day for redemption, it was not acknowledged or delivered until February 25.

We have so often held that mere inadequacy of price is not sufficient to justify the setting aside of a tax sale that there is no occasion to again discuss the subject. *Rothchild Bros. v. Rollinger,* 32 Wash. 307, 73 Pac. 367; *J. K. Lumber Co. v. Ash,* 104 Wash. 388, 176 Pac. 550.

The judgment of the trial court is affirmed.

HOLCOMB, C. J., FULLERTON, MOUNT, and BRIDGES, JJ., concur.