GENERAL ELECTRIC CREDIT CORPORATION, APPELLANT, v. ROBERT E. ANDREEN, RESPONDENT.

No. 4032

June 13, 1958.                     326 P.2d 731.

(Petition for Rehearing denied July 10, 1958.)

*Toy R. Gregory,* of Las Vegas, for Appellant.

*Guild, Busey & Guild,* of Reno, for Respondent.

## OPINION

By the Court, BADT, C. J.:

The main question presented on this appeal is whether, under our statute requiring personal property to be assessed to the owner, an assessment of sundry articles of kitchen equipment were properly assessed to a purchaser in possession under a conditional sales contract retaining title in the vendor. The district court answered this question in the affirmative and our conclusion is that it was correct in so doing. The question is one of first impression in this state. Other questions raised are also disposed of.

The case went to the district court on an agreed statement of facts, from which the following appears. On

August 7, 1954, Harry Elster Co. entered into a conditional sale contract with Fred Trevillian and Sol Gershenhorn, doing business as Desert Spa, for the purchase of certain kitchen equipment, having an unpaid balance of $53,760, payable in monthly installments. On October 27, 1954, a similar contract for further equipment was entered into with an unpaid balance of $26,017.60, likewise payable in monthly installments. The contracts were assigned to General Electric Credit Corporation. The assessor of Clark County assessed the described equipment, together with other personal property, including gambling tables, chairs and cocktail stools to "Desert Spa: Tenants—Jack Rosen, Fred Trevillian, D. H. Caplow, Abe Toberoff, Fred Weichman, Sol Gershenhorn, Charles Marcus and Dr. Lenne." The contracts provided that title was to remain in the vendor until all installments were paid, that the vendees were to pay all taxes, and that in the event of default the vendor might repossess the property, sue for the entire balance due, etc. Taxes for 1955 and 1956 being unpaid, the assessor seized the property at the Desert Spa, and offered the same for sale, piece by piece, until a sufficient sum had been bid by the defendant to pay the delinquent taxes, to wit, $6,125. The bidding was engaged in by one other bidder and the defendant, who paid the amount to the county assessor and received a certificate of sale. This occurred May 25, 1956. On the preceding day appellant learned that the property was to be sold at tax sale. Immediately following the sale and on the same date plaintiff commenced its action in claim and delivery, and the sheriff, pursuant thereto, seized that part of the property located on the Desert Spa premises, and held the same pending outcome of the action. At all times following the execution of the contracts the Desert Spa, a partnership, was in possession of the personal property covered thereby and, though the partnership was in default under the contracts, the plaintiff had never exercised its option to repossess the same.

Under such statement of facts, which contained sundry additional matters, both parties moved for summary

judgment. Plaintiff's motion was denied and defendant's motion granted.

Article X, section 1 of the state constitution, provides in part: "The legislature shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe such regulations as shall secure a just valuation for taxation of all property, real, personal and possessory * * *." Certain exemptions are provided and no taxable property may be exempted except for the purposes stated. State v. Carson City Savings Bank, 17 Nev. 146, 30 P. 703.

The revenue act of 1953, Chapter 361 of NRS, provides, among other things that all property of every kind and nature whatsoever within this state shall be subject to taxation, with certain exceptions; and that "personal property" means and includes all property of whatever kind or nature not included in the term "real estate" as that term is defined in the act.

The act requires the county assessor between July 1 and December 31 in each year to ascertain by diligent inquiry and examination all real and personal property in the county subject to taxation, and the names of the owners and to determine the cash value of such property and to "list and assess the same to the person, firm, corporation, association or company owning it." NRS 361.260. If the name of an absent owner is known to the assessor, the property must be assessed in his or her name; if unknown to the assessor, "the property shall be assessed to 'unknown owner,' but no mistake heretofore or hereafter made in the name of the owner or the supposed owner of real property shall render the assessment or any sale of such property for taxes invalid." NRS 361.265. He is also required to demand of each owner a statement of all the real estate "and personal property within the county owned or claimed by such persons."

Section 12 provides: "When personal property is mortgaged or pledged it shall, for the purposes of taxation, be deemed the property of the person who has possession thereof." NRS 361.245.

Appellant contends that not only does the statute clearly require the property to be assessed to the owner,

which normally means the person having the legal title, but that it emphasizes this requirement by requiring an assessment "to unknown owner" where the owner is unknown, thus precluding an assessment to the person in possession. He urges that this construction of the word "owner" is further strengthened by section 12 by permitting assessment to the "person in possession thereof" where the property is subject to a mortgage or pledge; that if the word "owner" was intended to include "the person in possession" in all cases there would have been no reason for the adoption of section 12; that under the rule of construction "expressio unius est exclusio alterius," the property which could be assessed to the person in possession was limited to personal property subject to a mortgage or pledge.

In response to these general contentions, the respondent refers to numerous cases from California, Arizona, Missouri, Minnesota, Georgia, Nebraska, Iowa, Alabama, Oklahoma, Kansas, Virginia, Washington, New York, Texas, Arkansas, Illinois, Wisconsin, Vermont, Kentucky, Michigan and other states, Annotation 116 A.L.R. 325 under title "Who is liable for tax in case of conditional sale or option for purchase of personal property," also statement in 27 A. & E. Enc. L., 2d Ed., 678.

Virtually all of these authorities hold that when a statute requires that property be assessed to the owner, it means the general and beneficial owner—the person whose interest is primarily one of possession and enjoyment in contemplation of an ultimate absolute ownership—and not the person who retains the legal title and does not contemplate the use or enjoyment of the property as such but holds his title primarily as the means of enforcement of the payment of the balance of the contract price.

In reply to this array of authorities, appellant has painstakingly analyzed them one by one and has arrived at the conclusion that in each case the statute definitely authorized an assessment to the person *in charge or possession of the property,* or that the decision fails to quote the statute in question, thus removing it as authority in the instant case, or that the statute lacked the

Nevada clause that mortgaged or pledged property be deemed the property of the person in possession. It is true that in a great many of the cases cited by respondent the distinctions pointed out do exist. In our opinion, however, they are not for that reason deprived of their authority for the conclusion that under conditional sales contracts the property is owned by and thus properly assessed to the purchaser. In California, for example, in the case of RCA Photophone v. Huffman, 5 Cal.App.2d 401, 42 P.2d 1059, the court was confronted with the anomalous situation where the assessment was lawfully made, under the statute, against a person *in lawful possession*. The assessor under the statute was authorized to seize and sell only the personal property *owned by the person against whom the tax was assessed*, and was not expressly authorized to seize and sell property assessed to *its lawful possessor*. There was thus squarely before the court the same necessity that confronts us in this appeal—the necessity of determining whether the contracting purchaser was the *owner* of the property. The California court held that he was, as one who had dominion of the property, which he has the right to enjoy and to do with as he pleases. The court then cites the decisions of a great many of the states supporting the conclusion that the terms "owner" and "owned" may be so defined as to include a person possessing such interest in the property that he has lawful possession of it and may include others than the possessor of the legal title.

In Automatic Voting Mach. Corp. v. Maricopa County, 50 Ariz. 211, 70 P.2d 447, 449, 116 A.L.R. 320, the court held that under conditional sales contracts, the property covered is the property of the buyer and not of the seller, holding that "the decided weight of authority is to that effect."

In Municipal Acceptance Corporation v. Canole, 342 Mo. 1170, 119 S.W.2d 820, the court reviewed the authorities, found two cases holding that taxes should be assessed against the seller, three cases holding that the authorities may proceed against either the conditional seller or buyer but the weight of authority to the effect that the purchaser in possession is the party liable. It

found the last view to be the correct one, referring particularly to the reasoning found in Wells v. Mayor, etc., City of Savannah, 87 Ga. 397, 13 S.E. 442: " 'The value of property consists in its use, and he who owns the use forever, though it be on a condition subsequent, is the true owner of the property for the time being.' " Citing another leading case, State v. White Furniture Co., 206 Ala. 575, 90 So. 896, the court said: "When a statute requires that property be assessed to the owner, we think it means the general and beneficial owner—that is, the person whose interest is primarily one of possession and enjoyment in contemplation of an ultimate absolute ownership—and not the person whose interest is primarily in the enforcement of a collateral pecuniary claim, and does not contemplate the use or enjoyment of the property as such."

It is unnecessary to prolong the discussion of this point or to cite further cases. Most of them will be found in the several cases hereinabove cited. In virtually all of them (regardless of the fact that in many the statute permitted assessment to the person in possession) it became necessary to determine that the contracting vendee was the *owner*, and they so held. We see no reason for departing from this overwhelming weight of authority. To hold otherwise, under our statutory requirement that property be assessed to the owner, would result in an intolerable and thoroughly impracticable situation. Thousands of articles of personal property are sold every year under such contracts—electric stoves, washing machines, refrigerators, deepfreeze equipment, radios, television sets, and many other articles, not to mention automobiles, are thus sold. For the assessor to ferret out the names of the owners of the legal title or to assess all of such articles in thousands of households to "unknown owner" would be equally impracticable. The property itself is subject to taxation. The legal owner knows this. As in the present instance the contract almost invariably requires the purchaser to pay the taxes. Such taxes are a primary lien,

enforceable by seizure and sale. Both constitutional and statutory requirements for equal taxation compel a reasonable and practical method for making all property share, through taxation, in the expense of government. The contention that the assessment of the property here involved was unlawful because it was assessed to the contracting vendee in possession, under statutory requirement that it be assessed to the owner, is without merit.

Appellant contends that section 12 of the revenue act does compel a contrary conclusion. That section provides: "When personal property is mortgaged or pledged it shall, for the purpose of taxation, be deemed the property of the person who has possession thereof." It is contended that the expression of this single exception compels the conclusion that no other exceptions, and particularly the exception of a contracting vendee in possession, were or was intended by the legislature. The purpose of the exception of pledged or mortgaged personal property seems to us clear enough without giving it that effect. A pledgee is never the owner but is always in possession. A lawful assessment to the pledgee, under the statutory requirement of assessment to the owner, required a special provision. The same is true with respect to a chattel mortgagee in possession, who, under our statute, is only the owner of a lien on the property to secure payment of his debt. Streeter v. Johnson, 23 Nev. 194, 44 P. 819. As we have seen, such is not the case with reference to a contracting purchaser who, for purposes of taxation, may be considered the owner.

Defendant further contends that as appellants Trivillian and Gershenhorn, under the trade name of "The Desert Spa," were the contracting purchasers, the assessment to the Desert Spa, a partnership, comprising such two purchasers and six others was invalid. The stipulation of agreed facts was that the plaintiff was the holder of the conditional sales contract covering the property "sold to the Desert Spa, a partnership" and that the property was assessed to the Desert Spa, a partnership, comprising the eight named copartners,

and that at all times involved "said Desert Spa, a partnership, was in possession." We do not consider it important to explore further into the Desert Spa partnership to inquire what additional partners were taken in or what instruments of transfer or assignment may have been executed in the premises. These were details which the parties apparently did not consider of importance in entering into their stipulation of facts.

For its next assignment of error appellant calls attention to the provision of the revenue act hereinabove quoted to the effect that no mistake in the name of the owner or supposed owner *of real property* shall render the assessment or sale invalid. He argues that this leaves open the right to attack the validity of the assessment where there is a mistake in the name of the owner of *personal property,* and then cites a number of cases in which tax assessments and sales of personal property have been invalidated for even slight mistakes in the name of the owner. For the reasons assigned in the last preceding paragraph, we see no merit in this contention.

It is next contended by appellant that the tax sale was void because at the time of the assessment the purchasers were in default in their payments and, therefore, held the property only at sufferance. The contract provides that in the event of default the seller may at his option take possession of the property. The seller had, however, not exercised this option, but permitted the buyers to remain in possession. Under these circumstances it was not error for the trial court to hold that the status of the buyers as owners for the purpose of assessment and taxation had not been terminated by the bare default in payment. State v. White Furniture Co., 206 Ala. 575, 90 So. 896; Cownie v. Local Board of Review, 235 Iowa 318, 16 N.W.2d 592.

Appellant next contends that the assessment and sale were void because the items of property were not separately listed, itemized and valued, thus rendering it "impossible to ascertain the amount of the tax that was due on the property which was subject to appellant's

sale contract and thus prevented payment of the tax on such property without paying the tax on all of the property of the partnership which was assessed." If such uncertainty resulted, the assessor could not resolve it. Conditional sales contracts are not required to be recorded in Nevada. Appellant never offered or attempted to pay the taxes upon any item of the property offered for sale. It was advised of the sale the day before it took place. Notice of the seizure had been posted as required by law. The property was sold piece by piece, at competitive bidding, until a sufficient sum had been bid to pay off the delinquent taxes. The contention is not sound.

It is finally contended that the sale is void because the consideration was grossly inadequate. The actual value at the time of sale does not appear, although the record shows that the aggregate purchase price named in the two contracts was over $111,000, while the price bid in at the tax sale was $6,125. It is almost universally held, however, that the inadequacy of the price received is no ground for invalidating the sale. RCA Photophone v. Huffman, supra; J. K. Lumber Co. v. Ash, 104 Wash. 388, 176 P. 550.

Other matters discussed in appellant's briefs and oral argument have received our consideration, but do not require further comment.

Affirmed with costs.

EATHER and MERRILL, JJ., concur.