ACTON LIMITED, a British Virgin Islands corporation, Plaintiff–Appellant,

v.

Ethlyn E. HARSH, as Executrix of Harsh Estate on behalf of Edward J. Harsh, deceased, the heirs, beneficiaries, and devisees of Edward J. Harsh, deceased; The Edward J. Harsh Family Trust, under Trust Agreement dated 08/22/77; Nevada National Bank; Gary Michael O'Brien; Anita O'Brien, a/k/a Anita Gross, a/k/a Anita Le-Clerq; United States of America, the Internal Revenue Service, and any and all other persons unknown claiming any estate, right, title, interest or lien in the real property described in the complaint in the above entitled action, or any cloud upon Plaintiff's title thereto. Defendants–Appellees.

No. 99–16608.

D.C. No. CV–95–00472–HDM/RAM.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2001.*

Decided Feb. 23, 2001.

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

MEMORANDUM **

The district court properly granted summary judgment to the Internal Revenue Service ("IRS") in the Nevada quiet title action brought by Acton Limited ("Acton"). Even assuming that the original assignment from Edward and Ethlyn Harsh to the Edward J. Harsh Family Trust (the "Trust") described the land sales contract with Gary and Anita O'Brien (the "O'Brien Contract"), it conveyed only a "beneficial interest" in such contract. This term refers to the "profit, benefit or advantage resulting from a contract or the ownership of an estate, as distinct from legal ownership or control." Black's Law Dictionary 156 (6th ed. 1990); *see also General Electric Credit Corp. v. Andreen*, 74 Nev. 199, 326 P.2d 731, 733 (Nev.1958) (drawing distinction between beneficial in-

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

terest and legal interest in the context of a conditional sale of personal property). Therefore, pursuant to the assignment, the Trust acquired the right to receive the installment payments under the O'Brien Contract, but the Harshes retained bare legal title in the land.

Although the Trust later assigned all of its "right, title and interest" in the O'Brien Contract to Acton, the Trust could not convey more than it owned, and all it received under the original assignment was the beneficial interest in the contract. As such, the Harshes continued to own legal title to the property at the time the IRS liens were filed, and the IRS was entitled to summary judgment.

AFFIRMED.